HENRY G. BLASDEL, Respondent, v. SYLVESTER KEAN et als., Appellants.

Service of Summons—Contradiction in Record—Presumptions. Where on appeal from a judgment by default, the record indicated that the summons had been served after it had been filed, but the judgment recited that the default was entered "upon due proof of the service of summons and copy of complaint as required by law": *Held*, that every legal intendment was in favor of the validity of the judgment.

Recital of Legal Service of Summons in Judgment. The finding and recital of a legal service of summons in a judgment is as much a part of the record and entitled to the same credence as the file marks of the clerk anterior to such service.

Appeal from the District Court of the Third Judicial District, Esmeralda County.

This was an action against Sylvester Kean, J. A. Pope, William Talbert, Henry F. Rice, A. W. Pray, Henry Williams, S. B. Maynard, and Wm. A. Bourne to recover judgment on certain promissory notes made by defendant Kean, amounting in all to some $19,200 and interest, and to foreclose mortgages therefor on certain mines and land in Esmeralda County.

It appears that the sheriff returned the summons on July 11, 1871, with a certificate indorsed thereon of personal service thereof on defendant Kean. Under the said certificate and the indorsement of filing on July 11, 1871, appears a second certificate by the sheriff, as follows:

"And I further certify that I personally served the defendant Henry Williams by delivering to him personally a copy of this summons at Sweetwater, Esmeralda County, on the 19th day of July, 1871; and also that I personally served the defendant Wm. Bourne, by delivering to him personally a copy of this summons in Pine Grove, Esmeralda County, on the 20th day of July, 1871."

It further appears that on August 16, 1871, there was an order entered on the minutes of the court that the sheriff should be allowed to amend his return on the summons by certifying the facts as stated in his second certificate above referred to, and that the cause should be placed upon the

calendar. On the same day plaintiff dismissed as to defendants Pope, Talbert, Rice, Pray and Maynard; took defaults against defendants Kean, Williams and Bourne, and had judgment entered against them—that is to say, against defendant Kean for the sum of $24,596 25 in gold coin and foreclosure of the mortgages securing the same and sale of the premises incumbered thereby to satisfy the same, and barring the other defendants of all equity of redemption. The judgment recited that the cause had been "brought on to be heard upon the complaint filed herein taken as confessed by the defendants Sylvester Kean, Henry Williams and Wm. A. Bourne, whose. default for not answering has been duly taken and entered, and upon due proof of the service of summons and copy of complaint as required by law," etc.

The defendant Williams appealed from the judgment.

*Mesick & Wood*, for Appellant.

I. It is shown by the record that there never was any legal service of process in the action upon the appellant Williams for the following reasons: 1st. The record must be taken as true respecting the acts performed by the sheriff from which service of summons upon the appellant is claimed; and no presumptions can be indulged of any other acts having been performed by the sheriff to effect a service or of any other service having been shown or having existed, except such as the record discloses. *Hahn* v. *Kelley*, 34 Cal. 391. 2d. It appears from the sheriff's return and the clerk's indorsement of filing that eight days before the copy of summons was served upon Williams the sheriff had returned and filed the summons with the clerk and had no process to serve. The writ had become *functus officio*.

II. After the summons had been returned and actually filed and become a part of the record in the clerk's office it could have had no vitality in the hands of the sheriff, and he could have had, under that state of facts, no power to make further use of it. An alias summons alone could have

invested him with authority to summon parties not served with the original writ prior to its return by him. *Mayenbaum* v. *Murphy*, 5 Nev. 383.

III.   As to the recitals in the defaults entered and in the decree, they cannot supply any defects in the service apparent on the record; because they must be held to relate to the acts of service done and certified by the sheriff; upon the summons on file. *Hahn* v. *Kelley, supra*. And besides, the clerk was not competent to bind defendants by his declaration of service having been made, nor can the minutes of the court, in which is contained a recital of the service, be of any greater effect.

*Robert M. Clarke*, for Respondent.

I.   The sheriff returns that he served the defendant.   This return is not traversable.   It is conclusive except in a direct proceeding to set aside the judgment. *Egery* v. *Buchanan*, 5 Cal. 53; *Gregory* v. *Ford*, 14 Cal. 143.

II.   The decree recites that "due proof [was made] of the service of summons." All the legal intendments support this recital.   And it is conclusive of this appeal unless it affirmatively and certainly appear from the judgment roll that no legal service was made.   It does not so appear.   Who can say that an *alias* summons was not issued, that proof was not adduced showing the file mark of the clerk erroneous, or that such filing was indorsed before the summons was returned to the clerk's office, and wrongfully or fraudulently ? Clearly these questions cannot be determined on this appeal or otherwise than by a direct proceeding to set aside the judgment for want of jurisdiction in the court.

III.   The mere fact that the summons bears a file mark anterior to the date of the service cannot be held conclusive that it had then been returned to the clerk's office; for that is negatived by the fact that afterwards the sheriff had the summons in *his* custody—much less can it be held to prove that no legal service was made, for that is to directly impeach the decree of the court.

By the Court, BELKNAP, J.:

From the sheriff's return it appears that service of summons was made upon the defendant Kean on the seventh day of July, 1871, and upon the defendants Williams and Bourne respectively on the nineteenth and twentieth days of the same month.

The summons bears the following indorsement by the clerk of the court: "Filed July 11, 1871."

It is contended in behalf of the appellant Williams, against whom a judgment by default was taken, that the file mark of the clerk shows the summons to have been returned before service upon him, and that by returning it the sheriff parted with his control of the writ and it became *functus officio*. Were the rest of the record silent upon the question of service we should proceed to determine whether the court acquired jurisdiction of the person of the appellant by a summons which after having been served upon a co-defendant was returned to the clerk and thereafter withdrawn and served by the sheriff. This question, however, is not presented by this record; for the decree recites that the defendant's default was entered "upon due proof of the service of summons and copy of the complaint as required by law."

The finding of a legal service of summons in the judgment is as much a part of the record and entitled to the same credence as the file mark of the clerk anterior to the service of summons. If the writ became *functus officio* on the 11th day of July and no jurisdiction was obtained by the act of the sheriff of the 19th of July, there is an apparent contradiction in the record. But every legal intendment is in favor of the validity of the judgment, and the presumption arises that other evidence was introduced which established the sufficiency of service of summons to the satisfaction of the district judge. *Hahn* v. *Kelley*, 34 Cal. 391; *Alderson* v. *Bell*, 9 Cal. 315.

Judgment affirmed.