FARMER *v.* NATIONAL LIFE ASS'N OF HARTFORD, CONN.

(*Circuit Court, E. D. New York.* May 10, 1892.)

1. FOREIGN INSURANCE COMPANIES—SERVICE ON STATE SUPERINTENDENT—WAIVER.
   The appointment of the state superintendent of insurance as the attorney of a nonresident insurance company for the purpose of receiving service of process, as required by Laws N. Y. 1884, c. 346, § 1, does not authorize him to accept service by mail, and such service is void.

2. SAME—GENERAL APPEARANCE—REMOVAL OF CAUSES.
   The filing of a petition and bond for the removal of a cause from a state to a federal court, and the proceedings thereon, do not constitute such a general appearance as will prevent the federal court from setting aside the service as illegal and void.

At Law. On motion to set aside service of summons. Granted.

A summons was issued in a suit in the New York supreme court in Kings county by Thomas Farmer against the National Life Association of Hartford, Conn., a Connecticut life insurance company. The summons was mailed on December 1, 1891, in an envelope directed to the superintendent of the insurance department of the state of New York. The paper was delivered at the office of the superintendent of the insurance department, December 2, 1891. He telegraphed to the plaintiff's attorneys that he required a fee of two dollars before he acknowledged the service of the paper. Thereupon the plaintiff's attorneys sent him the fee of two dollars as requested by him. In return, the superintendent of the insurance department sent the plaintiff's attorneys the following paper.

"INSURANCE DEPARTMENT, ALBANY, December 3, 1891.

"*Messrs. Judge and Durack, No. 373 Fulton Street, Brooklyn, N. Y.*— SIR: I admit the service of process on me as attorney for the National Life Association of Hartford, Connecticut, made by you in behalf of Thomas Farmer of ———, pursuant to chapter 346, Laws of 1884. I have sent to said company by registered mail to-day a copy of the paper served on me, fee $2, the receipt of which is hereby acknowledged.

"Your obedient servant,

"JAMES F. PIERCE, Superintendent."

Chapter 346, § 1, Laws N. Y. 1884, provides that—

"No fire, fire marine, life, or casualty insurance company or association organized or incorporated under the laws of any other state of the United States, or of any foreign government, shall, directly or indirectly, issue policies, take risks, or transact business in this state, until it has complied with the insurance laws, and having first appointed in writing the superintendent of the insurance department of this state to be the true and lawful attorney of such company in and for this state, upon whom all lawful process in any action or proceeding against the company may be served with the same effect as if the company or association existed in this state. A certificate of such appointment, duly certified and authenticated, shall be filed in the office of the superintendent of the insurance department, and copies certified by him shall be deemed sufficient evidence in regard thereto. Service upon such attorney shall thereafter be deemed a service upon the company or association."

The defendant had previously filed in the office of the superintendent of the insurance department a paper designating him as its attorney in the exact language of the statute. The defendant filed a petition and bond removing the case into the circuit court of the United States for the eastern district of New York; and thereupon its attorney, appearing specially for the purpose of the motion, obtained an order to show cause why the service of the summons should not be set aside. The affidavit upon which the order was granted stated the facts above set forth.

*Roger Foster*, for the motion.

The filing of a petition for the removal of a cause from a state to a federal court, and the proceedings upon such a petition, are not the equivalent of a general appearance; and, after such a removal, the defendant may move to set aside the service of process upon the ground of a defect or irregularity in

the process or in the service of the same.  *Parrott* v. *Insurance Co.*, 5 Fed. Rep. 391; *Atchison* v. *Morris*, 11 Fed. Rep. 582; *Small* v. *Montgomery*, 17 Fed. Rep. 865; *Miner* v. *Markham*, 28 Fed. Rep. 387; *Perkins* v. *Hendryx*, 40 Fed. Rep. 657; *Golden* v. *Morning News of New Haven*, 42 Fed. Rep. 112; *Water Co.* v. *Baskin*, 43 Fed. Rep. 323; *Clews* v. *Iron Co.*, 44 Fed. Rep. 31; *Reifsnider* v. *Publishing Co.*, 45 Fed. Rep. 433; *Bentlif* v. *Corporation*, 44 Fed. Rep. 667; *Est s* v. *Insurance Co.*, (N. Y. Com. Pl. trial term, Nov. 17, 1882, BEACH, J.,) Daily Reg. See, also, *Freidlander* v. *Pollock*, 5 Cold. 490; *Forrest* v. *Railway Co.*, 47 Fed. Rep. 1.

The service by mail was insufficient. The Code of Civil Procedure requires "the delivery of a copy" upon the person to be served. See sections 431, 432. The statute requires that service be made upon the superintendent of the insurance department in the same manner. In *Oland* v. *Insurance Co.*, (Md. June 13, 1888,) 14 Atl. Rep. 669, the Maryland insurance act of 1878 required service on the agent designated for that purpose. It was held that personal service upon a local agent, together with the mailing of a copy to the agent designated, was not sufficient service.

The superintendent of the insurance department had no power to waive an irregularity in the service, or to give any admission of service. If he has this power, he might date back his admission so as to put the defendant in default, or waive the statute of limitations. It could never have been the intention of the legislature to thus empower him to prejudice the rights of a corporate litigant. If, under the statute, the superintendent of the insurance department has the right to waive any defect in the service of the process, or any of the requirements of the statute, he has the right to waive them all. There can be no resting place between the two horns of this dilemma. If he has the right to waive a defect arising from the omission of the plaintiff to deliver a copy of the summons to him personally, he has a right to waive the omission of the plaintiff to furnish him with any copy of the summons at all, and may thus, without any notice to the insurance company, render it liable to a judgment by default against it in ignorance of its rights, or compel it, in order to avoid such judgment by default, to serve a general appearance, which may prejudice its rights to avail itself of the statute of limitations or otherwise, and waive any irremediable defects in the service or in the summons itself. This opportunity for collusion on the part of the public officer with the plaintiff, a citizen of his own state, who may have had important political influence in securing his appointment, it could never have been the intention of the statute to bestow, nor could it have been the intention of the defendant by its designation to grant. Had the legislature attempted to give him such power the statute would be unconstitutional and void, as taking away defendant's property without due process of law. A private power of attorney, such as was given by the defendant in pursuance of the statute, would not authorize such an admission or waiver. A power of attorney is always strictly construed, and even general words are limited by the special language which precedes them. *Craighead* v. *Peterson*, 72 N. Y. 279; *Rossiter* v. *Rossiter*, 8 Wend. 491; *Danby* v. *Coutts*, 29 Ch. Div. 500; *Hodge* v. *Combs*, 1 Black, 192; *Whitly* v. *Barker*, 1 Root, 406. "Writ of error against the judgment of the county court in a certain cause in which Col. Cleaveland was attorney to said Barker, who lived in this state. Cleaveland indorsed upon the writ of error, as attorney to Barker, that he acknowleged said writ had been duly served, without any special authority from Barker to do it. Barker pleaded in abatement of the writ that it had never been served upon him as the law required. Plea in abatement adjudged sufficient. The party is not concluded by the indorsement of the attorney in such case, without special authority." *Millay* v. *Whitney*, 63 Me. 522. Authority to "get cargo bonded; will hold bondsmen harmless, and

come down, if necessary,"—does not authorize a receipt to sheriff in principal's name acknowledging attached property to be insured by defendant, and promising to deliver it to sheriff on demand. *Lagow v. Patterson,* 1 Blackf. 252. An authority to compromise all difference and disputes, and to execute and sign in principal's name any release, covenant, or conveyance of part of principal's estate, and to give and receive discharges, receipts, etc., does not authorize the agent to confess judgment in the name of the principal. *Moore v. Circuit Judge,* 55 Mich. 84; 20 N. W. Rep. 801. Authority given by a corporation to an agent to accept service "in actions on any liability or indebtedness incurred or contracted" by the corporation does not authorize his acceptance of service in garnishee proceedings. Statutory substitutes for personal service are always strictly construed. *Amy v. Watertown,* 130 U. S. 301, 9 Sup. Ct. Rep. 530; *Pollard v. Wegener,* 13 Wis. 569; *Wright v. Douglass,* 3 Barb. 555; *Coal Co. v. Sherman,* 8 Abb. Pr. 243, 245; *Cook v. Farren,* 34 Barb. 95. It has been held that the statute now before the court for construction must be strictly construed. *Richardson v. Insurance Co.,* (Sup.) 8 N. Y. Supp. 873. In *Read v. French,* 28 N. Y. 285, 295, it was held that an admission by a defendant of service of a summons and complaint on him, which did not state that the service "was personal" by the delivery of a copy to him, did not authorize the entry of judgment by default against him. *Coal Co. v. Sherman,* 8 Abb. Pr. 243, 245, per SUTHERLAND, J.: "Proof of service of the summons in the manner prescribed by the Code, substituted for such appearance, is necessary, without voluntary appearance, to give the court jurisdiction." In *Wright v. Douglass,* 3 Barb. 555, 574, it was held that personal service on the trustee of a foreign corporation must be made.

*James P. Judge,* opposed.

The superintendent of the insurance department is the head of a large business department of the state government located at Albany, N. Y. The purpose of the statute was to provide a place where all process in cases against foreign insurance companies could be served, and does not imply that the executive thereof should be personally, physically served, in whatever portion of the state or the United States or elsewhere such superintendent may be, when relief by a citizen of this state is sought by the commencement of an action, but clearly gives him the right to admit service of process on him as fully and completely as the defendant could itself. The superintendent, as attorney of the defendant corporation, had the right to admit service of process, and waive defects in the service of the same. In case this motion is granted, the defendant will claim that one year has elapsed since the maturity of the policy, and that consequently the action is barred by the limitation clause contained in the policy.

BENEDICT, District Judge. The motion must be granted.