[No. 1364.]

## OLIVER LONKEY ET ALS., RESPONDENTS, v. KEYES SILVER MINING COMPANY, A CORPORATION, APPELLANT.

SERVICE OF SUMMONS—CONSTRUCTIVE SERVICE, WHEN INSUFFICIENT. —The act of February 25, 1889,. provides that foreign corporations owning property or doing business in this state shall appoint a resident agent, on whom service of process can be made within this state, and that on failure to make such appointment, service may be made by delivering a copy to the secretary of state. *Held*, that service on the deputy secretary of state was not a compliance with the law and that the court acquired no jurisdiction by such attempted service.

IDEM—SUPPLEMENTAL SERVICE BY MAIL.—Section 3051 Gen. Stat. of Nevada provides that in a suit against a corporation organized under the laws of California, a copy of the summons and complaint shall be mailed to the president and trustees of such corporation at their place of business in California, in addition to the personal service required by the same section. *Held*, that in the absence of the personal service required by the law, the mailing of a copy of the summons and complaint to the president and trustees added no force to the officer's return on the summons.

IDEM—EFFECT OF OFFICER'S RETURN.—After defective service of summons, the court gave judgment against appellant by default, reciting in the judgment "that summons was issued and served as by law

provided, and that all parties were properly before the court." *Held*, on appeal from the judgment, that such recital in the judgment was not conclusive where the record before the appellate court contained all of the evidence on which the lower court assumed to acquire jurisdiction.

LIENS ON MINING CLAIMS—NON-EFFECT OF NOTICE.—Section 3822, Gen. Stat. of Nevada, relating to the enforcement of liens against mining claims for material and labor, provides that "at the time of filing complaint and issuing the summons the plaintiff shall" publish notice for three successive weeks in a newspaper, notifying all persons claiming liens to appear on a day specified therein, and during a regular term of court, and to exhibit then and there the proof of said liens. *Held*, in an action to foreclose a number of liens against a mining claim of a non-resident corporation, that the statutory notice, as published to lienholders, was no notice to defendant of the pendency of the action.

APPEAL from the District Court of the State of Nevada, Storey county.

*Richard Rising*, District Judge.

The facts sufficiently appear in the opinion.

*A. C. Ellis*, for Appellant.

I.   Proceedings to impose and enforce mechanic's and labor's liens have no foundation in the common law, but rest and must find support entirely upon statutes authorizing them.  (*Benton* v. *Wickwire*, 54 N. Y. 226; *Grant* v. *Vandercook*, 57 Barb. 165; *Huxford* v. *Bogardus*, 40 How. Pr. N. Y. 94; 8 Abb. Pr. N. S. 455; *Skyrme* v. *Occidental Co.*, 8 Nev. 228.)

II.   There was no service of the summons in this action, either personally upon any officer of the corporation defendant or by publication of the summons.   The return of service by the officer shows upon its face that there was no service at all.

III.   There is no such officer as deputy secretary of state and even if there was, service upon him is not service upon the secretary of state, which the act of 1889 requires in certain contingencies.

IV.   Constructive service of summons being purely the creation of statute the law must be strictly and fully complied with in every requirement.   Jurisdiction in cases of such service of summons, both as to the subject matter of the judgment, and as to the persons to be affected by it, " must appear by the record, and everything will be presumed to be without the jurisdiction,

which does not distinctly appear" to be within it. (*Morse* v. *Presby*, 5 Foster, 302; *Galpin* v. *Page*, 18 Wall. 370–71.)

*F. M. Huffaker*, for Respondents.

I.   This appeal is from the judgment and the judgment roll only is before the court.   In such cases all presumptions are in favor of the regularity of the proceedings in the court below.   (*Champion* v. *Sessions*, 2 Nev. 271; *Nosler* v. *Haynes*, 2 Nev. 52; *Lady Bryan G. & S. Mining Co.* v. *Lady Bryan Mining Co.*, 4 Nev. 414; *Nesbit* v. *Chisholm*, 16 Nev. 39.)

II.   The judgment having been rendered on default of appellant the presumption is that all things necessary to be proved, to support the findings and the judgment, were proved. (*Kelly* v. *Kelly*, 18 Nev. 49.)

III.   The court below finds that the summons was issued and served as by law provided; that all parties were properly before the court, and the court further adjudged that appellant was duly served.   This is conclusive of any objection to the service of the summons.   (*Blasdel* v. *Kean*, 8 Nev. 308, and authorities cited.)

IV.   The act of 1889 was complied with as the court below found and decreed.   The legislature can provide any mode of serving a non-resident, when the suit is in the nature of a proceeding *in rem* and the defendant is a non-resident corporation. A non-resident having property in this state is bound to take notice of all our laws affecting such property.   (Phillips on Mechanics' Liens, 2d. Ed. Sec. : 21; *Pennoyer* v. *Neff*, 95 U. S. 719.)

By the Court, MURPHY, J.:

This was an action to foreclose a number of liens against a mining claim and its appurtenances for material furnished and labor performed in and upon said mining claim, the property of the Keyes Silver Mining Company.   Oliver Lonkey filed his complaint, and had summons issued thereon, and a notice to lien holders and claimants published, as required by the provisions of section 3822, Gen. Stat. Nev.   On the day appointed for the hearing, James Cook, Daniel Reidy, Maurice Sheehan and John Kelly, having filed their notices of lien, intervened. The default of the defendant, the Keyes Silver Mining Company, was ordered to be entered by the court.   After the hear-

ing of the testimony, the court entered its decree and judgment in favor of plaintiff and interveners for the several amounts claimed to be due, and ordered the property sold to satisfy said demands. The defendant appeals from the judgment, and asks for a reversal of the same, on the ground that no service of summons had been made on the defendant, either personally or constructively. Prior to the 25th day of February, 1889, service of process on foreign corporations doing business within this state was made by personal service upon an "agent, cashier, secretary, president, or other head thereof," or by publication of summons as provided by section 3052 Gen. Stat.

On the last-mentioned date the governor approved an act of the legislature requiring foreign corporations doing business in this state to "appoint and keep in this state an agent, upon whom all legal process may be served for such corporation. Such corporation shall file a certificate, properly authenticated by the proper officers of such company, with the secretary of state, specifying the full name and residence of such agent, which certificate shall be renewed by such company as often as a change may be made in such appointment, or vacancy shall occur in such agency. Any and all legal process may be served upon such company by delivering to such agent personally a copy of such process, which shall be legal and valid." If any such company shall fail to appoint such agent, then it shall be lawful to serve such company with any and all legal process by delivering a copy to the secretary of state, and such service shall be valid to all intents and purposes. This act was intended as an additional mode and manner of serving process.

Upon the issuance of the summons in the case at bar it was placed in the hands of the sheriff of Ormsby county, who made the following return thereon: "I hereby certify that I received the within summons on the 13th day of August, A. D. 1891, at 9:15 o'clock A. M., and duly served the same on the defendant named therein, by personally delivering a true copy thereof, attached to a certified copy of the complaint, to deputy secretary of state A. Helm (the secretary being out of the state), in Ormsby county, on the 13th day of August, 1891, and that I served personally the within summons upon A. Helm, deputy secretary of state (but find upon examination of record that no such corporation existed or ever did exist), defendant in the above entitled case, by delivering to A. Helm, etc., in the

county of Ormsby, state of Nevada, on the 13th day of August, A. D. 1891, a true copy thereof, and by showing him this original."

The attorney for the appellant contends "that the service of process upon the deputy secretary of state was not a service upon the secretary, and was not a compliance with the statute under consideration." The law in relation to the service of process on foreign corporations must receive a strict construction, and the service must be made upon the officer or person mentioned in the act of the legislature. The cases are numerous which hold that, where a particular method of serving process is pointed out by the statute, that method must be followed, and the rule is especially exacting in reference to corporations. Was the service upon "A Helm, deputy secretary of state (the secretary being absent from the state)," a compliance with the act of 1889 ?

The service upon the deputy was certainly not sufficient, unless we can disregard the plain reading of the statute, which says: "If any such company shall fail to appoint such * * * agent, then it shall be lawful to serve such company with any and all legal process by delivering a copy to the secretary of state." The statute does not require the copies to be filed, nor does it make them a part of the records of the secretary's office, nor require of that officer the performance of any duty in connection therewith whatever. It merely, for the time being, makes that particular individual occupying the office of secretary of state the agent of the corporation for the particular purpose of receiving service of all processes issued against a foreign corporation, where it has failed to appoint an agent as required by the act. Section 1799, Gen. Stat. Nev., defines the duties of the deputy secretary of state during the absence of the secretary of state to be of a "ministerial nature, belonging to the office." In the case of *City of Watertown* v. *Robinson*, 69 Wis. 233, the supreme court of that state said: "When the statute prescribes a particular mode of service, that mode must be followed. *Ita lex scripta est.* There is no chance to speculate whether some other mode will not answer as well. This has been too often held by courts to require further citations.

When the statute designates a particular officer to whom the process may be delivered, and with whom it may be left, as service upon the corporation, no other officer or person can be

substituted in his place. The designation of one particular officer upon whom service may be made excludes all others." This language was afterwards approved and adopted by the supreme court of the United States in the case of *Amy* v. *Watertown*, 130 U. S. 317. (2 Beach Corp. Sec. 859; *Tallman* v. *Railroad Co.*, 45 Fed Rep. 156.) In *Chambers* v. *Manufactory*, 16 Kan. 276, the court said: "But service of summons on a corporation cannot be made on every person who may, in some remote sense, be styled a clerk of the corporation. It could not be made on a deputy or under clerk. It must be made on the clerk—the principal clerk—of the corporation, if made on a clerk at all. It must be made on a person who holds the office of clerk or secretary, although such person might not in fact perform any of the clerical duties for the corporation."

In *Winslow* v. *Railroad Co.*, 2 N. Y. Supp. 682, service of summons on the assistant treasurer was held to be void " for the reason that he was not the president or other head of the corporation, the secretary or clerk to the corporation, the cashier or treasurer, or a director or managing agent." (See, also, *City of Watertown* v. *Robinson*, 59 Wis. 515; *Mariner* v. *Town of Waterloo*, 75 Wis. 440; *Alexandria* v. *Fairfax*, 95 U. S. 779; *Kennedy* v. *Hibernia S. & L. Soc.*, 38 Cal. 154; *Aiken* v. *Mining Co.*, 6 Cal. 186; *Cloud* v. *Inhabitants*, 86 Mo. 362; *Willamette F. C. M. & T. Co.* v. *Williams*, 1 Or. 112, 113; *Mininy Co.* v. *Marsano*, 10 Nev. 376; *Blanc* v. *Mining Co.*, 30 Pac. Rep. 765; *Jepson* v. *Cable Co.*, 20 N. Y. Supp. 300; *Kibbe* v. *Benson*, 17 Wall. 627; *Reinhart* v. *Lugo*, 86 Cal. 395.) It was not designed by the legislature that a service of process upon the deputy secretary of state should be deemed sufficient to bring a corporation into court. We are therefore compelled to hold that the service in this case gave the court no jurisdiction of the defendant. Whether before service can be made upon the secretary of state, it must appear that the company has none of the officers mentioned in section 3051, Gen. Stat., within the state, or as to how that fact, and the further fact that the company has not appointed the agent required by the law of 1889, are to be made to appear, are questions that have not been argued, and concerning which we express no opinion.

In addition to the return as made by the sheriff on the summons, there is an affidavit of one William H. Tully, who deposes that on the 12th day of August, 1891, he deposited in the post-

office a copy of the summons attached to a certified copy of the complaint in this action, addressed to the president and board of trustees of the Keyes Silver Mining Company at its office in San Francisco, California. This affidavit was made in compliance with the first proviso of the second subdivision of section 3051, Gen. Stat., which requires "that if the suit be against a corporation organized under the laws of the state of California, in addition to such personal service, a copy of the summons, attached to a certified copy of the complaint, shall be deposited in the postoffice, addressed to the president and trustees of said corporation, at their place of business in the state of California, if the same is known, or can, after due diligence, be ascertained." In this case no personal service was made on any agent, cashier or secretary, president or other head thereof, of such corporation. The affidavit therefore adds no force to the return as made by the officer on the summons.

The attorney for respondents argues that, the appeal being from the judgment, all presumptions are in favor of the regularity of the proceedings, and being a judgment by default, the presumption is that all things necessary to be proved to support the finding and judgment were proved; that the court having found and so recited in its judgment, "that summons was issued and served as by law provided, and that all parties were properly before the court," such statement is conclusive as to any objection to the service of summons; and he relies upon the decision of this court in the case of *Blasdel* v. *Kean*, 8 Nev. 308, in support of the above. That the judgment in this case, it being an adjudication by a court of general jurisdiction, is evidence of its own validity, will not be disputed. That such a judgment is sufficient to sustain an action or defense, without other proof, will also be conceded. But is such judgment so conclusive; is the presumption in its favor so great as to preclude the appellate court from inquiring into the facts of such jurisdiction in a direct attack to set aside such judgment, when the record upon which the *nisi prius* court acted is before us, and contains all the evidence upon which the court acquired jurisdiction of the defendant? The summons, with the affidavit or proof of service, is as much a part of the record as the judgment. Section 3227, Gen. Stat., in stating what papers shall constitute the judgment roll, reads: "*First*, In case the complaint be not answered by any defendant, the

summons shall be the affidavit or proof of service, and the complaint with the memorandum indorsed on the complaint that the default of the defendant in not answering was entered and a copy of the judgment."

Therefore the question for us to decide is, did the court in fact have jurisdiction of the defendant by the service of summons personally or constructively, not did the court decide that it had jurisdiction? If it did not have jurisdiction, then its decision should be set aside; and it matters not what facts it may have found or what questions it may have decided, unless there was jurisdiction the entire proceeding is void, for "on appeal, presumptions in regard to the regular acquisition of jurisdiction over the defendant in the court below do not exist. If the record fails to show that jurisdiction has been obtained the judgment will be reversed." (Freem. Judgm. 4th ed. Sec. 537.) And in Black, Judgm. Sec. 93, it is said: "On appeal from a judgment by default nothing will be presumed in its favor. The record must show affirmatively the existence of every material fact to give the court jurisdiction, and that all the proceedings were in accordance with law. It is a well-settled rule of practice that where a judgment is taken by default against a defendant in an action, the record must affirmatively show that process had been duly served the required length of time before default was taken." And at section 95 he says: "An appeal will lie from a judgment entered upon the default of the defendant, in a proper case, as well as from any other judgment."

In the case at bar, as the return of the sheriff shows that the service of process was made upon the deputy secretary of state, we can not presume that it was also made upon the secretary, or that it was made upon an agent or officer of the corporation, or that the service of summons was had by publication, the statute requiring that the judgment roll shall contain the affidavit or return of service. We can not presume that the court acted on other or additional evidence, outside of the record; and as held by all the courts, when the return contradicts the finding in the judgment as to service of process, the finding must be disregarded, and we are to be controlled by the return of the officer in the record. (*Pollard* v. *Wegener*, 13 Wis. 575; *Shea* v. *Railroad Co.*, 6 Baxt. 277; *Hobby* v. *Bunch*, 83 Ga. 11; *Railroad Co.* v. *Ashby's Trustees*, 86 Va. 235; *Coan* v. *Clow*, 83 Ind.

419; *Cloud* v. *Inhabitants*, 86 Mo. 366; *Adams* v. *Cowles*, 95 Mo. 506; *Odell* v. *Campbell*, 9 Or. 300; *Settlemier* v. *Sullivan*, 97 U. S. 448; *Cheely* v. *Clayton*, 110 U. S. 708; *Galpin* v. *Page*, 18 Wall. 365; *Belcher* v. *Chambers*, 53 Cal. 639.) As to the case of *Blasdel* v. *Kean, supra,* we are of the opinion that while it was, perhaps, under the peculiar circumstances there existing, correctly decided, the opinion is wrong in applying the presumption which supports a judgment where it is collaterally attacked to a case where the attack is direct. The cases cited to support the presumption stated—*Hahn* v. *Kelly*, 34 Cal. 391, and *Alderson* v. *Bell*, 9 Cal. 315—were both cases of collateral attack, and it is clear that the court failed to note the broad distinction which exists between that and a direct attack. Upon an appeal from a judgment by default we are of the opinion that the record must affirmatively show jurisdiction of the defendant, either by his appearance or by a proper service of process, and no presumption can be indulged that there was some other and different service made from that which appears in the record. (*Schloss* v. *White*, 16 Cal. 68; *People* v. *Bernal*, 43 Cal. 387.) So far as the case of *Blasdel* v. *Kean* is in conflict with the law as here stated, it is overruled.

It is argued by respondents that the action being in its nature a proceeding *in rem*, the notice as published to lien holders was of itself sufficient to give the defendant notice of the pendancy of this action, and supports the finding of the court that the " defendant had been served as required by law." We cannot agree with them in any such conclusion. Section 3822, Gen. Stat., reads: " Said liens may be enforced by an action in any court of competent jurisdiction on setting out in the complaint the particulars of the demand, with a description of the premises to be charged with the lien, and at the time of filing the complaint and issuing the summons, the plaintiff shall cause a notice to be published at least once a week for three successive weeks in a newspaper published in the county, * * * notifying all persons holding or claiming liens under the provisions of this act, on said premises, to be and appear before said court on a day specified therein, and during a regular term of such court, and to exhibit then and there the proof of said liens." From the reading of the above, the plaintiff must file a complaint stating a cause of action; second, he must have a summons issue thereon, and he ought to cause

notice to other lien claimants to be published in a newspaper.

The complaint is for the information of the court and the defendant, to satisfy it and him that the plaintiff has a good cause of action against the defendant, and that it is properly stated. The summons is for the sole benefit of the defendant, notifying him that an action has been commenced, and ordering him to appear at a time and place therein mentioned, and demur or answer to the complaint, or the relief therein demanded will be taken against him. This summons must be served upon him, either personally or constructively, and in the manner pointed out by the statute; for it is only by such service or personal appearance that the court obtains jurisdiction of the defendant. The notice published is for the benefit of all persons who have performed labor upon or furnished material to improve the property against which the lien is sought to be enforced. They are not required to have summons issue upon their claims, for the issuance of the summons in the first instance, when served upon the defendant, is deemed sufficient to put him upon his defense against all lien claimants, but the entire proceedings will be governed by the nature of the service made in the first instance.

Our constitution guarantees that no person shall be deprived of his property without due process of law; and although public policy demands that credence should be given to the findings and judgments of courts of general jurisdiction; yet it must not be carried to the extent of establishing conclusive presumptions which would have a tendency to deprive a citizen of these rights. It is a principle that lies at the foundation of all jurisprudence in civilized countries that a person must have an opportunity of being heard before a court can deprive him of his rights. Any other doctrine would be antagonistic to our form of government and to the provisions of our constitution. It would work great wrong, and render the administration of justice a mere form. Until a defendant in an action is served with process in one of the modes pointed out by the statute, and given a reasonable opportunity of being heard in defense of his rights, a court has no power to divest him of his property. The defendant not having been served with process, the judgment is reversed, and the cause remanded.