[No. 5747. Decided October 31, 1905.]

NELLIE BENNETT, *Respondent*, v. SUPREME TENT OF THE
KNIGHTS OF THE MACCABEES OF THE WORLD,
*Appellant.*[1]

APPEAL — STATEMENT OF FACTS — NOTICE OF FILING — STATUTE —
CONSTRUCTION. Under Bal. Code, § 5058, upon service of a proposed
statement of facts upon the adverse party, notice of the filing also is
not necessary, except upon the other parties appearing.

PROCESS—SUMMONS—PERSONAL SERVICE—BY MAIL—VALIDITY. Bal.
Code, § 4893, inferentially forbids service of summons by mail, and a
service upon the statutory agent of a foreign corporation by mail is
insufficient.

SAME—FOREIGN INSURANCE COMPANY—SERVICE UPON—INSURANCE
COMMISSIONER STATUTORY AGENT—POWER TO ADMIT SERVICE. Under
Laws 1901, p. 360, requiring foreign benefit insurance associations to
appoint the state insurance commissioner its attorney in fact, upon
whom service of process may be made with the same legal effect as
if made upon the association, such an appointment does not authorize
the commissioner to admit or waive service, where no legal service
has in fact been made.

SAME — DEPUTY INSURANCE COMMISSIONER — SERVICE UPON — VA-
LIDITY. An appointment of the insurance commissioner and his suc-
cessors in office as the statutory agent of a foreign corporation for
the purpose of service of process, pursuant to Laws 1901, p. 360, does
not authorize the deputy insurance commissioner to receive service,
as the power is derived from the appointment and does not pertain
to the office.

SAME—INVALID SERVICE—ACTUAL NOTICE OF ACTION—SUFFICIENCY.
A court cannot acquire jurisdiction of the person of a defendant who
was not served with process, and made no appearance, by reason of
his having actual knowledge of the suit.

APPEARANCE—GENERAL—BY MOTION TO VACATE VOID JUDGMENT—
EFFECT—JURISDICTION—WAIVER. A general appearance in support of
a motion to set aside a void judgment, does not validate the judg-
ment or waive the question of jurisdiction.

JUDGMENT — VACATION — MERITORIOUS DEFENSE. An affidavit of
merits is not necessary upon a motion by defendant to set aside a
void default judgment.

[1]Reported in 82 Pac. 744.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered March 4, 1905, in favor of plaintiff upon the defendant's default, in an action on a benefit certificate, and from an order entered March 13, 1905, denying a motion to vacate the default and judgment. Reversed.

*A. R. Titlow* and *Jesse Thomas,* for appellant.

*H. W. Lueders* and *John C. Stallcup,* for respondent.

RUDKIN, J.—The defendant is a benefit association organized and existing under the laws of the state of Michigan, and having its principal office in that state. This action was brought to recover the amount of a benefit certificate issued by the association to one Ruel F. Bennett, and made payable to the plaintiff, as his widow, in the event of his death. Judgment was rendered by default against the defendant on the 4th day of March, 1905, and on the 6th day of March, 1905, the defendant moved to vacate the judgment, and for leave to answer, on the following grounds: (1) Inadvertence, surprise, and excusable neglect; (2) irregularity in obtaining the judgment; and (3) want of jurisdiction over the person of the defendant. The motion was denied, and this appeal is prosecuted from the final judgment and from the order denying the motion to vacate.

Before passing to the merits, the respondent moves to strike the statement of facts for the reason that no notice of the filing and service of the proposed statement was ever served on the respondent or her attorney. The statute provides, Bal. Code, § 5058, that the proposed statement of facts shall be filed and a copy thereof served on the adverse party, and also that notice of the filing of the proposed statement shall be served on all other parties who have appeared in the action. The respondent here was the adverse party, upon whom a copy of the proposed statement was served, and the law does not provide that she shall have other or further notice of the filing. Notice of the filing is only

required to be served on such parties as are not served with a copy of the statement. The motion to strike is denied.

Had the court jurisdiction of the person of the appellant at the time of the rendition of the judgment appealed from? The facts in relation to the service of the summons are these. It appears from the affidavits filed in support of the motion to vacate, and inferentially from the proof of service itself, that two copies of the summons and complaint were forwarded by mail to the commissioner of insurance of this state, at his office in Olympia. One of these copies was thereafter returned to the attorneys for the respondent by the deputy insurance commissioner, with the following endorsement thereon: "I hereby certify that on this 10th day of February, A. D. 1905, I received at my office, in Olympia, a copy of the complaint and a copy of the summons in the case of Nellie Bennett vs. 'The Supreme Tent of the Knights of the Maccabees of the World.' That said copies are exact duplicates of the foregoing copy of summons and complaint. [Signed] Sam. H. Nichols, Insurance Commissioner. By J. H. Schively, Deputy Ins. Com'er." The respondent sought to acquire jurisdiction over the person of the appellant in this manner, by virtue of section 6 of the act of March 18, 1901, Laws 1901, p. 360. This section provides that each association, such as the appellant, admitted to do business in this state, and not having its principal office within the state, and not being organized under the laws of the state,

". . . shall appoint, in writing, the commissioner of insurance and his successors in office to be its true and lawful attorney, upon whom all lawful process in any action or proceeding against it must be served, and in such writing shall agree that any lawful process against it which is served on said attorney, shall be of the same legal force and validity as if served upon the association, and that the authority shall continue in force so long as any liability remains outstanding in this state."

28—40 wash.

The appellant claims that the service of summons in question was void for the following reasons: (1) Because the alleged service was by mail; (2) because the statutory agent cannot accept, admit, or waive, service; (3) because service cannot be made on the deputy of the statutory agent; and (4) because there is no competent proof of the appointment of the commissioner of insurance as statutory agent in the manner required by the above act.

Personal service of summons cannot be made by mail in this state. The statute not only fails to authorize it, but by implication forbids it. Bal. Code, § 4893, expressly provides that certain sections of the code, authorizing the service of notices and other papers by mail, do not apply to the service of a summons or other process, or of any paper to bring a party into contempt. See, *Savings Bank of St. Paul v. Authier,* 52 Minn. 98, 53 N. W. 812, where the statutes under consideration are identical with our own. Can the statutory agent admit or waive service of summons? The agency created by the act in question, and by the commission provided for therein, is a passive agency. To hold that such agent can admit or waive service of summons where no service has been in fact made, is to add materially to the powers conferred upon him by the statute and by his warrant of attorney. The insurance laws of New York are similar to our own on the question under consideration. In the case of *Farmer v. National Life Ass'n,* 50 Fed. 829, the superintendent of insurance, who was the statutory agent in that state, formally admitted service of a summons and complaint which he had received through the mail, as in this case. The court held, without an opinion, that such service was void. The syllabus of the case is as follows:

"The appointment of the state superintendent of insurance as the attorney of a nonresident insurance company for the purpose of receiving service of process, as required by laws New York 1884, c. 346, sec. 1, does not authorize him to accept service by mail, and such service is void."

See, also, *New River Mineral Co. v. Seeley,* 120 Fed. 193. Nor in our opinion can the service be made on the deputy insurance commissioner. It was so held in the case of *Lonkey v. Keyes Silver Min. Co.,* 21 Nev. 312, 31 Pac. 57. The process is not served on the insurance commissioner by virtue of his office, nor does he derive his authority to bind the association from his office or from the laws of this state. His entire authority comes from the commission executed by the association, and the donee of the power in that instrument is the insurance commissioner and his successors in office. We do not think that such a commission confers any authority on the deputy of the insurance commissioner. The deputy may represent and act for his principal in all things appertaining to his office, but in our opinion this is not an official act. In *State v. Payne,* 6 Wash. 563, 34 Pac. 317, this court held that a statute designating the sheriff as one of the jury commissioners did not empower his deputy to act. In that case the court said:

"We apprehend, however, that the duties and powers of deputy sheriffs mentioned in § 80 are such only as are usually incident to the office of sheriff, and are to be performed by him in his official capacity as sheriff, and do not include the execution of duties which are unofficial in character, and which may by law be performed as well by any other county officer who may be properly requested to perform them. The sheriff is designated by the legislature to perform, or assist in performing, the important duty of drawing the names of those who shall act as jurors, not because he is sheriff, but because he is deemed a proper person to execute a trust which must be confided to some one to perform."

We think the same rule applies here. For these reasons we are of opinion that there was no service of the summons in this case, and no valid waiver or admission of service. There was no appearance by the appellant, and the court was therefore without jurisdiction to render a judgment against it. We do not deem it necessary to consider or decide the formal sufficiency of the admission of service as above set

forth, or the competency of the proof as to the appointment of the statutory agent.

The respondent, on the other hand, contends that the appellant had at least actual notice of the commencement of the action. We cannot concede for a moment that a court can acquire jurisdiction of the person in that way. *Osborne & Co. v. Columbia County etc. Corp.*, 9 Wash. 666, 38 Pac. 160. It is next contended that the appellant appeared generally in its motion to vacate the judgment, and cannot now raise the question of jurisdiction. A party does not waive the question of jurisdiction, or validate a void judgment, by a general appearance in support of a motion to set the judgment aside. *Woodham v. Anderson*, 32 Wash. 500, 73 Pac. 536. It is further contended that the application to set the judgment aside, and for leave to answer, does not disclose a meritorious defense. The authorities generally agree that no affidavit of merits is necessary in support of an application to set aside a judgment which is void for want of jurisdiction. 15 Ency. Plead. & Prac., 278, and cases cited. For the foregoing reasons the judgment is reversed and the cause remanded, with directions to set aside the default and permit the appellant to answer.

MOUNT, C. J., ROOT, FULLERTON, HADLEY, CROW, and DUNBAR, JJ., concur.