[No. 18441.   Department Two.   March 13, 1924.]

M. A. FAUVER, *Appellant,* v. FRED BLUE, *Plaintiff,*
CHARLES JACKSON *et al., Defendants,* E. N.
STEELE *et al., Interveners, Respondents.*[1]

GARNISHMENT. (47)—EVIDENCE AS BETWEEN PLAINTIFF AND GAR-
NISHEE—ADMISSIBILITY. Where defendant and another as partners
obtained a judgment, and thereafter plaintiff obtained judgment and
garnisheed defendants' judgment debtor, plaintiff, not being a party
or bound by that judgment, is entitled to show that the alleged
partnership business and judgment was the individual business and
judgment of the defendant.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered October 29, 1923,
upon findings in favor of the interveners, in an action
of interpleader, tried to the court.   Reversed.

*P. C. Kibbe,* for appellant.

*E. N. Steele,* for respondents.

PEMBERTON, J.—Appellant secured judgment against
respondent W. A. Gilbert on the 14th day of March,
1921.   On September 9, 1921, W. A. Gilbert and Eugene
Gilbert secured a judgment against one Fred Blue.
The appellant, on the 30th day of March, 1923, caused
a writ of garnishment.to be served on Fred Blue, the
judgment debtor.   On April 2, Fred Blue instituted

[1]Reported in 224 Pac. 33.

this action in interpleader, making Charles Jackson, the sheriff of Thurston county, W. A. Gilbert and the appellant defendants. The money was paid into court and request was made for the court to determine the rightful owner. On April 9 an assignment of the Gilbert judgment was filed, transferring the same to E. N. Steele, respondent. W. A. Gilbert and Eugene Gilbert and E. N. Steele filed an answer to the plaintiff's petition in which they alleged that the judgment entered against plaintiff Blue is a copartnership judgment of W. A. Gilbert and Eugene Gilbert, doing business as Gilbert's Garage, and requested that the money be paid to E. N. Steele. In reply to the answer of W. A. Gilbert and Eugene Gilbert and E. N. Steele, appellant denied same and alleged:

"That in the suit in said cause same was prosecuted in the name of W. A. Gilbert and Eugene Gilbert doing business as Gilbert's Garage, but that they had not and have not filed with the clerk of this court any statement purporting to show the names of any partnership or assumed name as Gilbert's Garage and that same was the garage of W. A. Gilbert, and said Eugene Gilbert was the minor son of said W. A. Gilbert, living with said W. A. Gilbert at said time, and that he was not a partner of said W. A. Gilbert, but occasionally worked for his father in the garage, and that the judgment of M. A. Fauver hereafter alleged herein is for necessaries of life furnished to said W. A. Gilbert while his said minor son was so living with him in his home in Olympia, Wash."

Upon judgment entered in favor of respondent E. N. Steele, this appeal is taken.

The appellant offered testimony in support of his reply. The deputy clerk testified, after an examination of the books of the clerk's office, as follows: "Q. No record of any such copartnership ever having been

filed? A. No, sir. Q. Or under the name of Gilbert's Garage, or a similar name? A. No, sir. Q. Or W. A. Gilbert or Eugene Gilbert? A. No, sir.'' The appellant was denied the privilege of proving that the garage business was the individual business of W. A. Gilbert and not that of the copartnership, upon the objection to the question that, ''This is an attempt to collaterally impeach a judgment previously rendered in this court which is a matter of record and shows that the court held that there was a legal partnership.''

The appellant was not a party to the judgment against Blue entered in favor of the Gilberts and was not, therefore, bound in anywise by its provisions. *Grant v. Ten Hope,* 117 Wash. 531, 201 Pac. 750; *Bennett v. Supreme Tent etc. Maccabees,* 40 Wash. 431, 82 Pac. 744, 2 L. R. A. (N. S.) 389; *Brier v. Traders' Nat. Bank,* 24 Wash. 695, 64 Pac. 831; *Sackman v. Thomas,* 24 Wash. 660, 64 Pac. 819; *Osborne & Co. v. Columbia County Farmers' Alliance Corp.,* 9 Wash. 666, 38 Pac. 850. The appellant not being bound by this judgment and having denied that it was of the partnership, the burden of proving this fact was upon respondents W. A. Gilbert, Eugene Gilbert and E. N. Steele before they would be entitled to the money in question.

The judgment is reversed, and the case remanded with directions to grant a new trial.

Main, C. J., Mitchell, Fullerton, and Bridges, JJ., concur.