WILLIAM E. DERRICKSON *v.* CHARLES S. BANNETT.

PEARL F. DERRICKSON *v.* CHARLES S. BANNETT.

(*May* 27, 1932.)

PENNEWILL, C. J., RICE AND HARRINGTON, J. J., sitting.

*Hering* and *Morris* for plaintiffs.

*Caleb S. Layton* and *Robert H. Richards, Jr.,* for defendant, appeared specially.

Superior Court for New Castle County, Nos. 20 and 21, March Term, 1932.

PENNEWILL, C. J., delivering the opinion of the Court:

A motion is made to quash and set aside the returns of the Sheriff of the supposed service of summons in these cases because the service was not made on the Secretary of State as required by law, *Chapter* 225, *Vol.* 35, *Laws of Delaware*, which provides as follows:

"*Section* 1. That  *  *  *  any non-resident owner, operator or driver of any motor vehicle, not registered under the laws of the State of Delaware providing for the registration of · motor vehicles, who shall accept the privilege extended by law to non-residents of this State to operate or drive such motor vehicles on the public streets, roads  *  *  *  shall by such acceptance of said privilege be deemed thereby to have appointed and constituted the Secretary of State of the State of Delaware, his, her, its or their agent for the acceptance of legal process in any civil action against such non-resident owner, operator or driver arising or growing out of any accident," etc.

"*Section* 2. Service of the legal process provided for in *Section* 1 hereof  *  *  *  shall be made upon the Secretary of State of the State of Delaware in the same manner as is now or may be thereafter provided by law for service of writs of summons."

The service was made on the Assistant Secretary of State, and the plaintiff claims that it was valid in view of the Act providing for the appointment of such officer.

The Act providing for the appointment of an Assistant Secretary of State, being *Chapter* 43, *Vol.* 37, *Laws of Delaware*, is in part as follows:

"The Governor is hereby authorized and empowered to appoint an Assistant Secretary of State, who in case of the absence of the Secretary of State from his office may transact all the business of the office of the Secretary of State, and the said Assistant Secretary of State shall have the power and is hereby authorized to make out and register commissions and affix the Great Seal thereto and to all other instruments and records required under the Great Seal, or of which it shall be the proper authentication.  *  *  *

"The Assistant Secretary of State shall have authority to perform all the duties required of the Secretary of State except as ex-officio member of any State Commission or Board."

Clearly the purpose of this act was to provide that some one should be in the office, and be, to all intents and purposes, the Secretary of State in the absence of that official. The purpose was to make the Assistant Secretary the Secretary for the time being.

The Legislature did not mention specifically every duty the assistant should perform, or every capacity in which he should serve or act. It was provided by the statute, in general language, that he was authorized to perform all the duties required of the Secretary of State.

It is argued that the acceptance of service of process was not one of·the official duties of the Secretary of State. True, it was not one of his usual duties, but under the statute the Secretary of State is specifically designated as the official upon whom service could be made. One of his duties was to accept such service and in his absence from office the duty was imposed upon the assistant. The Assistant Secretary provided for in the Act was intended to be more than the ordinary Deputy or Assistant. He was intended to be, in an emergency, practically the Secretary of State. Any other construction of the statute would, we think, be highly technical.

The leading authority cited by the defendant is the case of *Lonkey v. Keyes Silver Mining Co.*, 21 *Nev.* 312, 31 *P.* 57, 58, 17 *L. R. A.* 351.

In that case the service of process on a foreign corporation was made upon the Deputy Secretary of State, the Secretary being out of the State, and the service was held invalid. The Court quoted with approval from the opinion in the case of *Watertown v. Robinson,* 69 *Wis.* 233, 34 *N. W.* 139. The Nevada Court said:

"The cases are numerous which hold that, where a particular method of serving process is pointed out by the statute, that method must be followed, and the rule is especially exacting in reference to corporations."

The ruling in that case is supported by some other

authorities. But we think the Nevada case, as well as others cited by the defendant, are distinguishable from the one before this Court. As already said, the Legislature in passing the Act in question intended to provide for the appointment of an officer, Assistant Secretary of State, who should be the Secretary of State during the latter's absence from his office. That the Secretary was absent because of protracted illness, was a fact so generally known that it may be considered in ascertaining the intention of the Legislature in passing this Act. Such illness and absence created an emergency that had to be met by the Legislature, and it was met by a special Act providing for an Assistant Secretary of State.

It will be observed that in the cases claimed to be opposed to the conclusion we have reached, the process was served on the deputy or assistant secretary regularly in office, and clothed with the powers and duties that such officers usually possess. In none of them was he given, by express words of the statute creating the office, the powers, and required to perform the duties of the Secretary. In other words, in these cases the office of deputy or assistant was not created to meet an emergency by providing for a new officer who should act for the Secretary during his absence from his office.

In 21 *R. C. L.*, § 110, it is said:

"As has been stated, statutes sometimes require foreign corporations to designate a certain public officer to receive service of process in actions against them. Under such statutes, it has been held that service cannot be made on the officer's deputy."

To the same effect is the case of *Bennett v. Supreme Tent of the Knights of Maccabees of the World,* 40 *Wash.* 431, 82 *P.* 744, 2 *L. R. A.* (*N. S.*) 389; and the case of *Winslow v. Staten Island R. T. R. Co.,* 51 *Hun* 298, 4 *N. Y. S.* 169.

In the Delaware case of *Liberty Brand Canning Co. v. American Stores Co.,* 1 *W. W. Harr.* (31 *Del.*) 492, 115 *A.*

193, decided without written opinion, it was held that the service of process on the assistant secretary of the resident agent of a Delaware Corporation was not sufficient.

We do not regard those authorities as opposed to the conclusion of the Court in the present case.

The motion to quash is refused.[1]

---

[1] While the constitutionality of this statute was not attacked, a somewhat similar statute was held good in *Hess v. Pawloski*, 274 *U. S.* 352, 47 *S. Ct.* 632, 71 *L. Ed.* 1091; *Id.*, 250 *Mass.* 22, 144 *N. E.* 760, 35 *A. L. R.* 945, and see annotation page 951.

See, also, *Wuchter v. Pizzutti*, 276 *U. S.* 13, 48 *S. Ct.* 259, 72 *L. Ed.* 446, 57 *A. L. R.* 1230, and see annotation page 1239; *Kane v. N. J.*, 242 *U. S.* 160, 37 *S. Ct.* 30, 61 *L. Ed.* 222; *Huddy* on *Autom. Law* (*9th Ed.*), *vols.* 15, 16, *p.* 148; *Blashfield Ency. of Autom. Law, vol.* 2, *p.* 1513.