CHAPIN V. PINKERTON.

1. **Sheriff:** NOTICE TO: ACCEPTANCE BY DEPUTY. The acceptance of service, by the deputy, of notice of the ownership of property levied upon by the sheriff, is not an official act, and the sheriff will not be bound thereby.

*Appeal from Kossuth District Court.*

SATURDAY, APRIL 22.

ACTION to recover specific personal property. Judgment for the defendant, and plaintiff appeals.

*I. H. Hawkins,* for appellant.

*Geo. E. Clarke,* for appellee.

SEEVERS, CH. J.—It is stated in the petition "that according to plaintiff's best belief, defendant as sheriff, and by virtue of an execution against one H. I. Chapin, wrongfully levied upon said property as the property of the said H. I. Chapin. That before the commencement of this action plaintiff served a written notice of her ownership of said property upon the defendant."

1. SHERIFF: notice to: acceptance by deputy.

For the purpose of establishing the allegation as to notice, plaintiff offered in evidence the following:

"To I. M. PINKERTON, *Sheriff:*

"You are hereby notified that I own the corn levied upon by you, now on the farm of L. Ewing, under an execution against H. I. Chapin, and I therefore demand possession of the same. Dated Algona, Iowa, December 2, 1879.

MRS. E. S. CHAPIN."

"Due and legal service, and copy of the above notice accepted this 2d day of December, 1879.

"I. M. PINKERTON, *Sheriff,*

"By JAMES PATTERSON, *deputy.*"

Chapin v. Pinkerton.

Upon objection being made by the defendant, the court refused to permit it to be introduced, and there being no other evidence, the court directed the jury to find for the defendant, which they did. An officer making a levy on property, claimed by a person other than the execution defendant, is protected from all liability until he receives a notice in writing of such claim. Code, § 3055. *Kaster & Farwell, v. Pease*, 42 Iowa, 488.

It is insisted by the appellant that although the levy may have been made by the sheriff, the required notice may be served on the deputy; and this being so, the deputy may accept such service, and the sheriff is bound thereby. The doubt is as to the correctness of the premises.

That a deputy sheriff may perform all official acts which pertain to the office of sheriff, except in cases where the sheriff is required to act in conjunction with or in the place of another officer, must be conceded. Code, § 767.

Suppose the notice in question had been served on the deputy. How could it be said he performed an official act when he did nothing. In such case, the person upon whom the notice is served is entirely passive. That an officer may be responsible for a failure to perform an official duty is true, but no duty in respect to the notice or the service thereof is imposed on the officer. It therefore follows, we think, the acceptance of service not being an official act, the defendant is not bound by the act of his deputy.

AFFIRMED.