## HASTINGS v. PHOENIX.

1. **Attachment**: MOTION TO DISCHARGE.   Where a motion was made to discharge an attachment based on the allegation that the defendant was about to remove his property out of the State without leaving sufficient for the payment of his debts, and said motion was supported by affidavits showing that the attached property was exempt, *held* that the motion should have been sustained under section 3018 of the Code.

*Appeal from Palo Alto Circuit Court.*

FRIDAY, SEPTEMBER 22.

ACTION in attachment brought before a justice of the peace. The defendant moved to discharge the attachment on the ground that the property levied on was exempt from execution.   The motion was supported by an affidavit showing the property exempt.   The court overruled the motion and rendered judgment for the plaintiff.   Thereupon, the defendant caused the case to be removed to the Circuit Court upon a writ of error, and the Circuit Court affirmed the action of the justice in overruling the motion to discharge the attachment.   The defendant appeals.

*George H. Carr* and *John Jenswold*, for appellant.

*P. O. Cassidy*, for appellee.

ADAMS, J.—The case comes to us upon a certificate of appeal which is in these words: "In an action in a justice's court aided by attachment, where the petition alleges as grounds for the attachment that the defendant is about to remove his property out of the State without leaving sufficient for the payment of his debts, should the justice entertain a motion to discharge a levy on the ground that the property is exempt, where said motion is supported by affidavits alleging the necessary facts to constitute the exemption?"

Section 3018 of the Code provides that "a motion may be made to discharge the attachment, or any part thereof, at any time before trial for insufficiency of statement of cause thereof, or other cause making it apparent of record, that the attachment should not have issued, or should not have been levied upon all, or part of the property held." The affidavit filed in this case made it apparent of record that the attachment should not have been levied upon the property held. We are unable to discover any reason why the motion should not have been sustained. It is suggested that the court below thought that the alleged ground of attachment was controverted, but the alleged ground of attachment does not appear to affect the matter of exemption.

REVERSED.