# HEADINGTON v. LANGLAND ET AL.

1. **Execution:** LEVY UPON AND POSSESSION OF PROPERTY BY DEPUTY SHERIFF: UPON WHOM NOTICE OF CLAIM BY THIRD PERSON TO BE SERVED. Where a deputy sheriff levies an execution upon personal property, and he alone has the actual possession of the property, the notice of ownership by a third person, provided by section 3055 of the Code, may be served on the sheriff,—the deputy being his agent only.

2. **Chattel Mortgage:** HUSBAND TO WIFE: VALIDITY: INSTRUCTION. Where a chattel mortgage made by a husband to his wife (the plaintiff) was assailed by the husband's creditors as being fraudulent, an instruction to the effect that, if the mortgage was executed in good faith, to secure an existing debt, and that if, in taking the mortgage, plaintiff acted with an honest purpose to secure her claim, then she was entitled to recover, *held* correct.

*Appeal from Winneshiek Circuit Court.*

MONDAY, DECEMBER 8.

ACTION for the recovery of specific personal property. Plaintiff claims the property under a chattel mortgage, executed by her husband, to secure an alleged indebtedness due from him to her.

The property was seized on execution, issued on a judgment against the mortgagor, and in favor of defendants, C. H. and L. J. McCormick.

The defendant, Langland, is sheriff of the county.

It is alleged in the answer that the levy on the property was made by one Sanford, a deputy sheriff, and not by Langland, the sheriff. But the notice of ownership of the property given by defendant was not served on said deputy, but was served on the sheriff.

It is also averred that the mortgage under which plaintiff claims the property was without consideration, and was given for the purpose of defrauding the creditors of the mortgagor.

The verdict and judgment were in favor of plaintiff. Defendants appeal.

*Barker Bros.* and *Brown & Portman*, for appellants.

*O. J. Clark* and *J. G. Morse*, for appellees.

REED, J.—I.  It was admitted on the trial that the property was levied upon by Sanford, a deputy sheriff, on an execution issued on a judgment in favor of C. H. and L. J. McCormick against plaintiff's husband, and that said deputy afterwards sold the property under said levy, and that he had it in his possession during all the time between the levy and sale; and that plaintiff served a written notice of her ownership of the property on the sheriff, while the deputy had it in possession, but gave no notice of her claim to the deputy.  Defendants requested the court to instruct the jury that, on this state of facts, plaintiff could not recover.  The court refused to give this instruction, but told the jury, in effect, that the service of the notice on the sheriff was a compliance with the requirements of the statute as to notice, and, unless defendants had shown that the mortgage under which she claimed was without consideration, or was given with intent to defraud the creditors of the mortgagor, they should find for plaintiff.

*1. EXECUTION: levy upon and possession of property by deputy sheriff: upon whom notice of claim by third person to be served.*

Defendants assign these rulings as error.

It is provided by section 3055 of the Code, that " an officer is bound to levy an execution on any personal property in the possession of, or that he has reason to believe belongs to, the defendant, or on which the plaintiff directs him to levy, unless he has received notice in writing from some other person that such property belongs to him; or if after levy he receives such notice, such officer may release the property, unless a bond is given, as provided in the next section; but the officer shall be protected from all liability by reason of such levy until he receives such notice."

Defendants' position is that the deputy sheriff is an officer, and, as he had the execution in his hands, he was required

by this section to make the levy, unless the notice was served
on him personally, and that, having made the levy, and hav-
ing the property in his possession, it could be released only
by the service of the notice on him; and, as he did all that
was done in the premises, there could be no liability under
the last clause of the section, because of the levy, until he
received the notice.

We think, however, that the ruling of the circuit court is
correct.

In some sense, it is true, the deputy sheriff is an officer;
but in executing a writ or process he acts for the sheriff.
His act is the act of the sheriff, and that officer is responsi-
ble for what he does.  The writ runs to the sheriff, and he
is commanded by the statute to execute it.  (Code, § 337.)
His power in the premises is conferred by the statute.  The
deputy acts by virtue of his appointment.  (Section 766.)
He has no original power, but acts as the representative or
agent of the sheriff, who is his principal, and who is respon-
sible for the manner in which he performs the duty assigned to
him.  If a cause of action accrues by reason of the manner in
which a writ or process is executed, or the failure to execute
it, it accrues in favor of all third parties against the sheriff,
and not the deputy, and the latter is responsible alone to the
sheriff for his conduct in the performance of the duties
intrusted to him.  *Brayton v. Towne*, 12 Iowa, 346.

The section of the Code quoted above is intended for the pro-
tection of the sheriff.  At common law he acted at his peril in
levying on the property, if it was claimed by a person other
than the defendant in execution.  Or if, in consequence of such
claim he refused to make the levy, or released the property after
levy, he was answerable to the plaintiff in execution, unless
he could show that the claim was valid.  The section
quoted, and those following it, were enacted to relieve the
sheriff from the inconvenience and hardship which were
sometimes imposed upon him under the rule of the common
law.  They provide that, in case a written notice of owner-

ship of the property is served by a person other than the execution defendant, the officer may refuse to make the levy, or may discharge the property after levy, if the notice is served after levy, unless the plaintiff gives a bond to indemnify him against all liability to the claimant in consequence of the levy.

As the sheriff is the only person who in any event would be liable to the claimant, the bond, of course, is for his indemnity. And, as the levy is his act, and all the proceedings contemplated by the statute are for his benefit and protection, it follows necessarily, we think, that the service of the notice on him was sufficient.

Such service answered every purpose of the law, as it advised him personally of the claims which plaintiff made to the property, and gave him an opportunity to discharge the property, or procure indemnity against the consequences of the levy.

II. There was evidence tending to prove that plaintiff, at the time of her marriage, was the owner of certain real estate, and that this property was subsequently sold, and that the money derived from the sale thereof was given or loaned to her husband, and was used by him in the purchase of property and the support of his family; and that some years after this, and after the debt now evidenced by the McCormick judgment was contracted, he gave her his notes for an amount considerably in excess of the amount of money originally obtained from her, and, to secure these notes, gave the mortgage under which plaintiff claims the property in question, which, with another mortgage given at the same time, covers all his property, both personal and real;—plaintiff knowing, at the time she took the notes and mortgages, that her husband was indebted to the McCormicks.

2. CHATTEL mortgage: husband to wife: validity: instruction.

The court instructed the jury that "the principal question for you in this case is, was the mortgage in question executed to secure an existing debt, and in good faith? If

so, the plaintiff should recover. If not so, then she should not recover." And in another instruction the jury were told that, if they found that in taking the mortgages plaintiff acted with an honest purpose to secure her claim, she was entitled to their verdict.

Exceptions are taken by the defendants to these instructions. It is urged that an intention by plaintiff to aid her husband in placing his property beyond the reach of his creditors is not altogether inconsistent with an honest purpose on her part to secure her own claim, and that, under these instructions, the jury were warranted in finding for plaintiff, notwithstanding they may have believed that one of her objects in taking the mortgages was to aid her husband in placing his property beyond the reach of his other creditors, if they also found that she intended thereby to secure her own claim. But we think the instructions are not fairly capable of this construction. Plaintiff could not have been actuated by "an honest purpose to secure her claim," if she intended by the same means to aid her husband to cheat or defraud others; and the mortgage could not have been "executed to secure an existing debt," in good faith, if the parties to it intended by that means to place the property covered by it beyond the reach of other creditors. But such fraudulent purposes would be entirely inconsistent with good faith or an honest purpose in the execution of the instrument. Standing alone, then, the instructions are correct.

And, besides this, the jury were told, in other instructions, that if plaintiff intended when she received the mortgage to aid her husband in placing the property beyond the reach of his creditors, this would render the transaction fraudulent as to her, and defeat all claims under the mortgage.

III. It is urged that the verdict is not supported by the evidence.

We have examined the evidence as it is set out in the

abstract, and are of opinion that the jury were fully warranted by it in finding as they did.

The judgment of the circuit court is

AFFIRMED.