SANXEY, TRUSTEE, v. THE IOWA CITY GLASS CO., DEFENDANT AND SAWYER, INTERVENOR.

1. **Appeal to Supreme Court:** NOTICE TO CLERK: ACCEPTANCE OF SERVICE BY DEPUTY. The notice of an appeal to this court may be served on the clerk of the court from which the appeal is taken, in the case of his absence or disability, by service on his deputy; and in such case the deputy may accept service for and in the name of his principal. *Chapin v. Pinkerton*, 58 Iowa, 236, distinguished.

2. **Practice:** ON PROCEDENDO IN EQUITY CASE: AMENDMENT OF PLEADINGS AND INTRODUCTION OF EVIDENCE. When a cause triable *de novo* in this court is remanded for judgment in the court below, the parties may be permitted to introduce material evidence which has been discovered since the original trial, and they may amend the pleadings for the purpose of setting up matters materially affecting the merits, and which have occurred since the former trial; (see cases cited in opinion;) but a matter occurring before the beginning of the suit, and which was known to the plaintiff, cannot be so set up by him on *procedendo*.

3. **Corporation:** FORECLOSURE OF MORTGAGE BY TRUSTEE OF BONDHOLDERS: APPEAL BY INTERVENING BONDHOLDERS: SALE PENDING APPEAL: APPELLANT NOT BOUND BY. Where a trustee of the holders of corporate bonds procured a foreclosure of the mortgage securing the bonds, and obtained an order to buy in the mortgage property for the full amount of the bonds, from which order one of the bondholders, who had intervened in the action, appealed, on the ground that the bonds owned by him were guaranteed by the other bondholders, and that the property was not worth the amount of the bonds, and that the effect of the order would be to deprive him of the benefit of his guar-

anty, *held* that a sale and purchase made under the order by the trustee, pending the appeal, did not bind the intervenor, nor deprive him of the benefit of a reversal, though he filed no *supersedeas* bond to stay execution.

*Appeal from Johnson District Court.*

TUESDAY, APRIL 20.

PLAINTIFF brought this action to foreclose a deed of trust executed to him as trustee by the Iowa City Glass Company to secure the amount of certain negotiable bonds issued by the mortgagor. The intervenor was the owner of five of said bonds, and he filed his petition in intervention, alleging that said bonds were then due, and that certain third parties were liable thereon as guarantors; and that it was the intention of the trustee and his attorney, who was one of the guarantors, to deprive him of the benefits of the guaranty by bidding in the whole of the property covered by the trust deed for the benefit of all of the bondholders, for an amount sufficient to satisfy the indebtedness evidenced by the bonds, and thereby release the guarantors, and compel him, against his will, to become an owner of an undivided interest in said property; and he prayed for judgment against the glass company for the amount of said bonds, and for a decree of foreclosure; and that said judgment be made a lien upon an undivided one-sixth of the property; (the indebtedness due him being one-sixth of the whole amount secured by the trust deed;) and that the lien of the trustee and the other bondholders on that portion of the property be adjudged junior and inferior to his lien. After the filing of this petition, plaintiff filed an amendment to his petition, in which he alleged that the property covered by the trust deed was specially designed for the manufacture of pressed glassware; and that, if it should be sold at ordinary sheriff's sale, the interests of the bondholders would be jeopardized, as, if sold in that manner, it would not probably sell for an amount sufficient to satisfy the indebtedness, although its real value was

much greater than that; and he prayed that some special direction as to the manner of the sale and the care of the property be made by the judgment. The intervenor thereupon filed a paper denominated "Written Objections to the Relief Prayed in the Amended Petition," in which it was alleged that, as far as his interest was concerned, the court had no power to grant such relief.

The district court dismissed intervenor's petition, and denied him any relief thereunder. It also entered judgment against the glass company for the amounts due the several bondholders; also foreclosing the trust deed, and directing the sale of the property on special execution, and empowering the trustee, in the absence of other adequate bidders at the sale, to bid in the property at its market value for the bondholders. From this judgment the intervenor appealed to this court, and, upon the hearing of the cause, the judgment was reversed. See 63 Iowa, 707. When the *procedendo* was filed in the district court, plaintiff moved for leave to file an answer to the petition of intervention; also an amendment to his original petition. But this motion was denied, and judgment was entered in accordance with the opinion filed in the cause in this court. Plaintiff appeals.

*Milton Remley* and *Boal & Jackson*, for appellant.

*J. A. Edwards* and *S. H. Fairall*, for appellee.

REED, J.—I. Appellee filed a motion in this court to dismiss the appeal on the ground that there was no service of the notice of appeal on the clerk of the district court. The record shows that the notice of appeal was presented to the deputy clerk, who indorsed thereon the following acceptance of service:

1. APPEAL to supreme court: notice to clerk: acceptance of service by deputy

"Due and legal service of the within notice accepted this twenty-eighth day of July, 1885.

[Signed]　　　　　　"STEPH. BRADLEY, Clerk.

"By R. A. KORAB, Deputy."

Sanxey, Trustee, v. The Iowa City Glass Co. et al.

An appeal to this court is taken by the service of a notice on the adverse party and the clerk. Code, §§ 3178, 3179. The langauge of the statute is that the notice shall be served on the clerk, and the questions raised by the motion are whether the requirement is complied with by a service on the deputy, and, if so, whether an acceptance by the deputy is a sufficient service.

We think both of these questions should be answered in the affirmative. It is provided by section 767 that "in the absence or disability of the principal, the deputy shall perform the duty of his principal pertaining to his own office." Under this provision the deputy may, under the circumstances prescribed, perform any of the duties pertaining to the office. During the absence or disability of the principal, he stands in the place of the principal, and any official duty performed by him is regarded as having been performed by the principal. It must often happen that, owing to the absence or disability of the clerk, it would be impracticable to serve the notice on him personally within the time allowed by the statute for taking the appeal, and, if the service may not be made on the deputy, it would follow in such cases that the right of appeal would be defeated by circumstances over which the party could have no control. The right is conferred by statute, and is regarded as an important and valuable right, and we cannot think that it was the intention of the legislature, when it created the provision making the service of the notice on the clerk an essential step in perfecting the appeal, that it should be defeated by his absence or disability to perform the duties of his office, and we prefer to accept a construction of the statute which will secure the right, rather than the one which, in many cases would defeat it.

Having regard, then, to the spirit, rather than the strict letter, of the law, we hold that the notice of appeal may properly be served upon the deputy during the absence or disability of the clerk. The statute makes no provision as

to the manner in which the notice shall be served. We think, therefore, that it may be made by taking a written acknowledgment of service by the person upon whom it is served. In the present case, the only evidence of the service of the notice on appellee is the written acknowledgment of such service by his counsel. But no question is made as to the sufficiency of the service on him, and counsel would hardly contend that such service was not sufficient. But the requirements of the statute with reference to the service of the notice on the clerk are in no respect different from those requiring it to be served on the adverse party. It is contended, however, that the question is governed by our holding in *Chapin v. Pinkerton*, 58 Iowa, 236. We held in that case that an action could not be maintained against the sheriff for the recovery of personal property taken by him on execution, under section 3055 of the Code, on proof of the acceptance of service of the notice required by that section by the deputy sheriff. The distinction between that case and the present, however, is very apparent. The object of the notice required by section 3055 is to enable the officer to demand indemnity against any claim asserted by third parties to the property, and the section provides that no action shall be maintained against him until the notice has been served upon him. It is clear, we think, that in that case the acceptance by the deputy of the service of the notice would not be in the performance of any official duty. The notice is for the benefit of the sheriff, and should be served on him personally. *Headington v. Langland*, 65 Iowa, 276. The motion to dismiss the appeal will be overruled.

II. The matters set up by plaintiff in the amendment to his petition, and the answer to the petition of intervention 2. PRACTICE: on proceedendo in equity case: amendment of pleadings and introduction of evidence. which he asked leave to file in the district court, are that since the former appeal was taken, and before the judgment was reversed, the property was offered for sale on special execution issued on

the judgment, and that he bid the same in for the bondholders, as directed by the judgment, and that the intervenor, when he took the appeal, did not file a *supersedeas* bond; also that before the suit was instituted a contract was entered into by the bondholders (including intervenor) and the trustee, by which it was agreed that the trustee should institute suit for the foreclosure of the trust deed, and that he should buy in the property at the execution sale for the bondholders, unless there should be other bidders who were willing to take it at its fair market value, and that the suit was instituted in pursuance of this agreement; and, as an excuse for his failure to set up this contract prior to the former trial, he avers that he was not directed by the court to answer the intervenor's petition. It is also alleged that the order dismissing the petition of intervention was inadvertently made, the court having overlooked the fact that any issue arose between plaintiff and intervenor under the pleading.

It will be observed that plaintiff's request was for leave to plead (1) a contract which was entered into before the suit was instituted, by which the intervenor waived the claim set up in his petition; and (2) matters which occurred after the rendition of the former judgment, and before its reversal, and which he claims now constitute an equitable defense to said claim. The action is in equity, and if the original judgment was on the merits, and was rendered on a full hearing on the evidence, it was triable *de novo* in this court on the former appeal. It has been held, however, in actions of that character, when the cause is remanded for judgment in the lower court, that the parties may be permitted to introduce material evidence which has been discovered since the original trial; also that they may set up matters materially affecting the merits of the cause which have occurred since the former trial; and that the amendment to the pleadings necessary for this purpose may also be made. *Adams Co. v.*

Sanxey, Trustee, v. The Iowa City Glass Co. et al.

*Burlington & M. R. R. Co.*, 44 Iowa, 335; *Jones v. Clark*, 31 Id., 497.

Plaintiff contends that the original judgment, so far as it determined the rights of the intervenor, was not rendered on a hearing on the evidence, but that the questions were raised by the written objections filed by intervenor to the amended petition, which was merely in the nature of a demurrer; and therefore he had the right to answer intervenor's petition after the questions raised by the demurrer were decided. But this position is not correct. The paper denominated "Exceptions to the Prayer of the Amendment to the Petition" was not a demurrer, nor was it treated as such by the parties or the court. It was a "nondescript," and might well have been disregarded or stricken from the files. The facts upon which intervenor's claim was founded were set out in the petition. The record shows that the cause was heard upon the evidence introduced by plaintiff, and upon that evidence it was adjudged that plaintiff was entitled to the judgment prayed for in his petition, and the amendment thereto, and intervenor's petition was dismissed, and he was denied the relief demanded. It clearly appears, we think, that the judgment was rendered upon the pleadings as they then stood, and the evidence. It was a final judgment on the merits of the case, and it makes no difference, we think, that plaintiff was not directed by the court to answer the intervenor's petition. He might have answered it without such direction. He chose, however, to submit the case without answering it.

On this state of the pleadings, the allegations of intervenor's petition were taken as admitted, and the district court determined that upon the pleadings as they stood, and the evidence introduced by plaintiff, the intervenor was not entitled to relief. After thus submitting the case, we think it clear that plaintiff was not entitled, after the reversal of the judgment, to set up the alleged agreement in avoidance of intervenor's claim.

Sanxey, Trustee, v. The Iowa City Glass Co. et al.

We are equally clear that intervenor's claim is not defeated by the matters which occurred between the rendition and the reversal of the judgment. The right which intervenor sought to protect by his intervention was the right to look to the guarantors of the bonds held by him for any amount which should remain due thereon after the mortgage property was exhausted, and we held, upon the former appeal, that he could not be compelled, against his consent, to accept, in satisfaction of this right, an undivided interest in the property. He did not consent to the purchase of an interest in the property in his name. By his appeal he was protesting against such purchase at the time it was made, and was asking by that means to establish and protect his right; and it is impossible, we think, that his right in that respect should be divested by the purchase. We think, therefore, that the district court rightly overruled plaintiff's motion for leave to file said pleadings.

3. CORPORA-TION: foreclosure of mortgage by trustee of bondholders: appeal by intervening bondholders: sale pending appeal: appellant not bound by.

An error was committed by the district court in computing the amount due on the bonds held by intervenor. The parties agree that the judgment is for $642.95 in excess of the real amount due, and intervenor, has filed an offer to remit that amount. The judgment will therefore be modified in that respect; but, as no motion was made by appellant in the district court for the correction of this error, which was probably committed by the clerk, the costs of the appeal will be taxed to him.

MODIFIED AND AFFIRMED.