G. W. CULLISON v. EDMUND LINDSAY and GEORGE S. RAINBOW, Appellants.

**Attorney and Client:** WITHDRAWAL OF ATTORNEY. Where a client, after suit has been brought, denies liability for fees, unless successful, the attorney may withdraw, if his remaining is not necessary to a successful conduct of the suit.

SAME: *Burden of proof.* Where an attorney withdraws from a suit, it cannot be presumed, in the absence of evidence, that the subsequent adverse result to his client was due to his withdrawal.

AUTHORITY. An attorney is not authorized, on his own motion, to commence affirmative proceedings to keep alive a judgment which he has for collection.

CONTRACT: *Jury question.* Replevin being brought against a judgment creditor and a levying officer, the attorney for the former employed another attorney, who, with knowledge of both defendants, conducted the defense In a suit against such defendants by the second attorney, for services, the evidence as to whether the first attorney held the judgment to collect on a contingent fee basis, and with no authority to employ assistance, was conflicting, the second testifying that the creditor admitted that the first attorney had such authority. There was evidence that the officer had requested the second attorney to take part in the case. *Held,* that the issue of an agreement by defendants to pay the second attorney for his services was for the jury.

Charge and Proof: FRAUD. Under an instruction that recovery is authorized where an attorney necesitated a transcript by putting into an abstract filed by him, statements as to evidence which he knows to be false, the attorney is not liable for putting in such evidence recklessly while having, reasonable ground to believe that the statements are untrue.

SAME. *Negligence of an attorney.* In an action by an attorney for services, the jury entered a general verdict in his favor, and found specially that he was negligent in certain matters, as claimed by the client. The court had instructed that if plaintiff was acting under the directions of another attorney, who had sole control of the case, he would not be liable for negligence. *Held,* that the special finding was not inconsistent with the general verdict.

Evidence: HARMLESS ERROR. In a suit by an attorney for services, in rendering which the client claimed he had been negligent, the erroneous admission of evidence for the attorney on the issue of negligence was harmless, where the jury found against him thereon.

SAME. Where a fact is shown in evidence without conflict, error in excluding further evidence thereof is harmless.

OFFER FOR SPECIAL PURPOSE: *Contradiction.* Where the transcript of testimony given by a witness in one case is introduced in another, the jury may compare the testimony therein with that given by the witness in the second case, though the transcript was introduced merely to show what the witness "said on a given issue" and not to show that his testimony in the transcript was truthful.

Appeal: REVIEW: *Judgment non obstante.* By moving for judgment notwithstanding a general verdict, on the ground that the special findings are inconsistent therewith, a party does not waive his right to complain, on appeal, of other errors.

NOTICE OF APPEAL: *Clerk and deputy.* A notice of appeal may be served on a deputy clerk, though the clerk, who is not present, is accessible at the time,

*Appeal from Shelby District Court.*—HON. W. R. GREEN, Judge.

SATURDAY, APRIL 8, 1899.

PLAINTIFF's action was to recover attorney's fees. Each of the defendants interposed a general denial, and the defendant Lindsay set up a counterclaim, the details of which will be set out hereafter. There was a trial to jury. Verdict and judgment for plaintiff. Both parties appeal.—*Affirmed.*

*B. I. Salinger* for appellants.

*D. O. Stuart, T. H. Smith,* and *G. W. Cullison* for appellee.

WATERMAN, J.—The appeal of defendants having been first perfected, they will be denominated "appellants."

Plaintiff insists that Lindsay's appeal is not properly in this court, because the notice thereof was served on the deputy clerk, when the clerk was accessible at the time. It is not claimed, however, that the clerk was present when the deputy was served. In any event, the service was sufficient. *Sanxey v. Glass Co.,* 68 Iowa, 542; *Manufacturing Co. v. Sterrett,* 94 Iowa, 158.

II.    In order to convey an understanding of the points involved, it is necessary that we make a somewhat extended statement of the issues presented by the counterclaim, which consists of charges of negligence and misconduct on plaintiff's part in the matters for which he is claiming compensation: Lindsay was the owner of a judgment against one John Gollobitch, of Shelby county, which he placed in the hands of Warren Gammon, an attorney, for collection. At this time the other defendant, Rainbow, was sheriff of Shelby county. Acting under instructions, said sheriff levied an execution issued upon this judgment on certain personal property, as belonging to the debtor. Rosina Gollobitch, the

debtor's wife, made claim to the property seized, and brought replevin therefor. At this juncture, through the instrumentality of Gammon, plaintiff came into the case as attorney for Lindsay and the sheriff, and he took part in, or, as defendants claim, conducted, the trial. It was plaintiff's plan, in the trial, to meet the claim of Mrs. Gollobitch to ownership of the property with the charge that the same had been fraudulently conveyed to her by the judgment debtor. This case was tried, resulting in a disagreement of the jury. There was a second trial, but, before it came on, Mrs. Gollobitch filed a reply to the answer of defendant in replevin, pleading therein that the statute of limitations barred any claim of fraud. The first charge of negligence is that plaintiff went to trial in the face of this plea, when he knew, or should have known, that he could not successfully meet it. On the second trial, as the charge is made, plaintiff, over the objection of opposing counsel, had a deputy sheriff impanel the jury, and serve notice to take a deposition of one Nurre, that was intended for use in the case on behalf of his clients, and that he caused answers to certain interrogatories attached to a pleading on behalf of Mrs. Gollobitch to be answered by Gammon, instead of by the defendant in replevin, to whom they were addressed. This trial ended favorably for Rainbow. Mrs. Gollobitch appealed. The case was reversed on appeal because the jury had been so impaneled, the deposition so taken, and the interrogatories answered as stated. It is further charged that on this appeal, although the appellant filed a full and fair abstract, the plaintiff filed on the part of appellee an additional abstract, which was recklessly false in its statements of the testimony; that it contained a denial of the correctness of appellant's abstract, thus requiring appellant to file a complete transcript of the evidence, at a cost of three hundred and fifty dollars, which amount, with the other costs, was taxed against defendant Rainbow on the reversal of the case, and defendant Lindsay, having indemnified said Rainbow, has been compelled to pay the same; that

plaintiff made no argument in this case, nor did anything after filing the additional abstract. It is not disputed but that the costs of the second trial of the replevin case were four hundred and seventy-five dollars and twenty-five cents, and the total costs in this court on appeal of that case were seven hundred and eleven dollars and twenty-five cents. Another claim is that plaintiff did not re-take the Nurre deposition for use in the replevin case, which was tried a third time, with the result that these defendants were defeated. It is further charged against plaintiff that, as attorney for Lindsay, he began an action in equity to subject to the payment of the judgment mentioned certain real estate which stood in the name of Rosina Gollobitch, but which it was claimed had been conveyed to her by the judgment debtor in order to defraud his creditor. And it is said that, before the trial of that action, plaintiff refused to proceed in that matter, and withdrew from the cause, which was thereafter tried, and Lindsay was defeated, and that plaintiff negligently permitted said judgment to become barred by limitation. This is an outline of the charges made in the counterclaim. The details, so far as necessary, will be given as we consider the different issues, as will also the defenses which plaintiff claims thereto.

III. On the trial below, the jury in the case at bar returned a general verdict for plaintiff, and made certain special findings. Defendants claim that these findings, or some of them, were inconsistent with the general verdict, and made a motion for judgment in their favor *non obstante veredicto.* Plaintiff now insists that by this motion defendants have waived their right to complain of any other errors. This is not the law. See *Hooker v. Chittenden,* 106 Iowa, 321; *Pieart v. Railway Co.,* 82 Iowa, 148.

IV. The court took from the jury the following matters set up in the counterclaim: (1) That part relating to the prosecution of the replevin suit after Mrs. Gollobitch

has interposed the plea of the statute of limitations to the charge of fraud; (2) that relating to the failure to re-take the Nurre deposition; (3) the portion involving the charge of plaintiff's failure to prosecute the equity suit brought to subject the land to the payment of Lindsay's judgment, and permitting the judgment to outlaw; (4) the charge that plaintiff made no argument in this court on appeal in the replevin case; (5) the claim for costs on the third trial of the replevin case. The action of the trial court in each of these matters was excepted to, but the ruling on the third item only is argued, and it is with relation to this alone that we shall speak, though we may add that we discover no error in the other matter. In the effort to collect the judgment owned by Lindsay, an action in equity was brought, as already said, to subject to its lien a certain tract of land, the title to which stood in the name of the judgment debtor's wife. Plaintiff, we may say for present purposes, had charge of the case as attorney. He learned after a time that Lindsay denied any liability for fees, except in case of success. Plaintiff withdrew from the case. It was afterwards tried by other counsel, and Lindsay was defeated. There is no attempt to show that anything plaintiff could have done would have affected the result. It was not negligence for plaintiff to decline to proceed further, under the circumstances; and we know of no rule authorizing us to presume that the adverse result was owing to his conduct. To the charge that plaintiff permitted the judgment to outlaw, it may properly be responded that under the rule announced in *Weiser v. McDowell,* 93 Iowa, 772, the judgment is not barred. Moreover, we do not think plaintiff was required, or even authorized, on his own motion, to put his client to the costs of an affirmative proceeding to keep the judgment alive.

V. The undisputed evidence shows that, on the appeal of the replevin case to this court, plaintiff compelled appellant to file a transcript of the evidence, by denying the cor

rectness of her abstract, and setting forth in an additional abstract an untrue statement of what it was said the testimony was in the trial court. The defense to this is that plaintiff was acting under the instructions of Gammon, who had superior charge of the case, that the transcript of the evidence was not obtainable when the additional abstract was prepared, and that the work was done from recollection. The evidence as set out in this additional abstract was in part grossly incorrect. On this branch of the case the trial court instructed that plaintiff would be liable for the costs of the transcript, if he caused it to be filed by incorporating in the abstract for appellee false statements of the evidence, and which were known to him at the time to be false. No error is assigned upon this instruction. Therefore it is the law of the case. Plaintiff's reckless conduct in this regard, or the fact that he may have had reasonable ground to believe or know the untruthfulness of the abstract, are not made elements of the case. The jury was told to find against him on this branch only if it found that he in fact knew the statements to be false. Now plaintiff denies that he had any such knowledge. Whatever we may think on that question, we cannot say the jury had no testimony upon which to base the finding.

VI. As already said, the jury in the case at bar returned both a general and special verdict. They were told by the court that, upon a certain hypothesis, plaintiff might recover one hundred and forty dollars for his services on the second trial of the replevin case. The general verdict was in plaintiff's favor for one hundred and forty dollars, and two interrogatories submitted were answered, as follows: "Was plaintiff guilty of negligence and want of ordinary skill, on the second trial of the replevin case, in respect to impaneling the jury, the Nurre deposition, or the answer to interrogatories? [Answer] Yes." "Do you allow the plaintiff anything for the second trial? [Answer] Yes." It is insisted by appellants that the finding that plaintiff was negligent in the management of

the second trial is inconsistent with the allowance to him of compensation therefor. The court instructed that if plaintiff was negligent, and the result was to cause Lindsay damage to an amount equal to or greater than the compensation due plaintiff, the latter could not recover. But in the fifteenth paragraph of the charge is this qualification: (15) "One exception should be made to the foregoing rules for determining the amount of Lindsay's recovery on his counterclaim, if you find that he is entitled to recover thereon. The plaintiff claims that whatever he did in the replevin case was done at the direction of Gammon, who had sole charge and control thereof. On this point you are instructed that if plaintiff was employed simply to assist Gammon, and acted under his directions in doing what he did, then this will exempt him from liability on account of the matters alleged with reference to the impaneling of the jury, the taking of the deposition, and the answers to the interrogatories; but the burden of proof is upon plaintiff to bring himself within this exception, if you find Lindsay is otherwise entitled to recover." It is said in plaintiff's behalf that the jury may have found that plaintiff acted under the circumstances mentioned in this instruction, and that, although he was negligent, he would be entitled to recover. To this appellants respond that an act so done at Gammon's request would be Gammon's act, and not that of plaintiff, and, if it was a negligent act, the consequences could not properly be attributed to plaintiff. This may be. But no such distinction is made in the instruction. We think the jury may well have believed that, under the assumed facts of this paragraph, the plaintiff might have been negligent without being liable. This holding disposes of appellants' motion for judgment on the special finding.

VII. The next matter urged is that the court erred in permitting the jury to consider the fact that the judge who presided, in the second trial of the replevin case, allowed Rainbow's deputy to impanel the jury, and admitted the interrogatories answered by Gammon, and the deposition of Nurre,

We discover no prejudice in this action, if it was erroneous, for the jury found that these matters constituted negligence in the management of the action, though they exonerated plaintiff from responsibility therefor. We can say the same with relation to a claimed error of the court in striking out the statement of the witness Jones, to the effect that a transcript was filed by appellant in the replevin case in this court. Irrespective of this answer, the evidence of this witness shows that such a transcript was filed, and its cost. The instructions of the court, too, proceed upon the theory that there was evidence of such transcript having been filed. The jury could not have been misled in this respect.

VIII. Defendants introduced a transcript of the evidence given by Gammon as a witness on the trial of the replevin case, and counsel stated at the time he made the offer of this testimony that it was not to show that the witness told the truth, but simply what he "said on a given issue." Afterwards an instruction was asked by defendants in which the jury were told they should not compare the transcript with what Gammon said as a witness on the trial of the case at bar, and that it made no difference if Gammon's testimony in the transcript was different from that given by him in this case. These instructions were rightly refused. Under the offer, Gammon's testimony in the transcript was properly before the jury, for them to determine what he then said.

IX. Finally it is said there was no evidence of any agreement on the part of defendants to pay plaintiff for his services. We think otherwise. Plaintiff claimed both on an express and an implied contract. The trial court instructed that there was no evidence of an express contract to pay a fixed fee, but plaintiff introduced testimony to show that the amount claimed was reasonable. There was evidence to show that Rainbow had asked plaintiff to take part in the case, and it is undisputed that

both defendants, during the progress of the litigation, were aware of the fact that he was rendering service. On Lindsay's part it is claimed that Gammon had the judgment for collection on shares, and that he had no authority to make him (Lindsay) liable for anything further than this by employing assistance. It is conceded that it was through Gammon that plaintiff came into the case. The evidence is in conflict as to what the agreement with Gammon was, but there is testimony going to show that Gammon said nothing about a contingent fee, and plaintiff testifies that Lindsay admitted to him that Gammon had authority to employ some person to assist him. These facts, in connection with the knowledge the defendants had of plaintiff's labor at the time he was performing the service, were enough to take this issue to the jury. Had we been trying this case on the facts, we should quite likely have reached a different conclusion from that announced in the verdict; but, under the rules by which we are governed, we see no ground to warrant us in changing the result reached in the trial court.—AFFIRMED.

DEEMER, J., having presided at one of the trials in the district court, and being somewhat acquainted with the facts, takes no part.