F. W. GREAVES & COMPANY, Appellant, v. RACHEL POSNER, Defendant, COVENANT MUTUAL LIFE INSURANCE COMPANY, Garnishee.

**Garnishment:** SERVICE UPON AUDITOR OF STATE: *Foreign insurance companies*. Code, section 1722, requires a foreign insurance company to file an agreement that service of process on the state auditor shall be binding on it, as a condition precedent to the right to do business in the state. *Held*, that where a foreign insurance association transacted no business within the state between the date it received proof of a member's death,—the benefits being payable 90 days thereafter—and the day when the required agreement was filed, the auditor had no authority, during such interim, to receive service in garnishment in an action against the member's beneficiary, and, hence, the beneficiary's motion to discharge the association for want of jurisdiction was properly sustained.

MOTION TO DISCHARGE. Under Code, section 3948, authorizing a defendant to set up facts showing that the debt or property sought to be charged in garnishment is exempt from execution, or is, for any other reason, not liable for plaintiff's claim, by suitable pleadings, a defendant is entitled to claim a discharge of the garnishment, by motion, on the ground that the property was exempt; that the garnishee was never served with notice, and that the situs of the debt was in another state.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

.THURSDAY, MAY 24, 1900.

ACTION begun November 19, 1897, to recover the sum of nine hundred and seventy-four dollars and fifty-eight cents due on note and account, aided by attachment. Service of notice of the garnishment on the Covenant Mutual Life Association of Galesburg, Ill., was accepted by the auditor of state, November 23, 1897. The defendant's answer put plaintiffs to their proof, and in a counterclaim damages were sought for the wrongful suing out of a writ of attachment. September 22, 1898, the defendant moved to quash the garnishment proceedings and discharge the Covenant Mutual Life Association as garnishee. This was resisted by plaintiffs, but the motion was sustained, and this appeal involves the correctness of that ruling.—*Affirmed.*

*McVey & McVey* for appellants.

*Read & Read* for appellee.

LADD, J.—The defendant's right to ask for the discharge of a garnishment can no longer be tested by the earlier decisions of this court. See *Wales v. City of Muscatine,* 4 Iowa, 302; *Pomroy v. Parmlee,* 9 Iowa, 140; *Hastings v. Phoenix,* 59 Iowa, 394. Section 3948 of the Code expressly authorized her "by suitable pleadings to set up facts showing the debt or property with which it is sought to charge the garnishee is exempt from execution, or for any other reason is not liable for plaintiff's claim." The other reasons here asserted are (1) that the garnishee has never been served with notice, and (2) that the situs of the debt is in Illinois. In either event, the money due would not be liable here for the plaintiff's claim. The remedy by motion to discharge was clearly available to the defendant.

II. Jacob Posner died September 7, 1897, and the insurance certificate of the Covenant Mutual Life Association was payable to his wife, this defendant. Proofs of loss were completed October 15, 1897, and the indemnity payable ninety days thereafter. This action was begun November 19, 1897, and the auditor of state under-

took to accept service of the notice of garnishment in behalf of the association, November 23d. In this, he acted wholly without authority. It is not important to inquire how the law formerly stood, as it is conceded to have been repealed by Code, section 49. *West v. Bishop,* 110 Iowa, 401. The society began business in the state in 1886, and, as its designated attorney had been dead several years, all service of process or notice, prior to October 1, 1897, was properly had on the state auditor. But under the Code such associations, as a condition precedent to doing business in the state, were required to "file in the office of the auditor of state an agreement in writing that thereafter service of notice or process of any kind may be made on the auditor of state, and when so made shall be as valid, binding, and effective for all purposes as if served upon the company according to the laws of this or any other state and waiving all claim or right of error by reason of such acknowledgment of service." Section 1722. It will be observed that by this written agreement power is conferred on the auditor to acknowledge service, and not independent of it. Without such consent he might not act in behalf of the association. No one questions the right of the state to prescribe the method by which corporations doing business within its limits may be brought into court, and if they persist in transacting business in the state doubtless they will not be heard to plead noncompliance with this statute. *Sparks v. Association,* 100 Iowa, 459.

But no agreement was on file before December 2, 1897, and the evidence fails to show the transaction of any business by the garnishee between October 1st and that date. The association had a reasonable time within which to settle upon the course it would pursue, and the law indulges in the presumption, in the absence of proof to the contrary, that in the meantime it yielded obedience to this statute. Its annual report indicates a large amount of business during the year, but not in this interim, and it does

not appear from the record that any insurance certificates were issued. True, an applicant was examined by the local medical examiner, though with what result is not disclosed, save that the doctor received his fee the following year. There is no ground whatever upon which to base an estoppel, and bring the cause within the rule of the *Sparks Case.* No jurisdiction over the Covenant Mutual Life Association was acquired, and defendant's motion to discharge it as garnishee was rightly sustained. There is no merit in the motion to strike appellee's amendment to abstract, and it is overruled.—AFFIRMED.