Nellie F. Rust, Plaintiff, Jane D. Huff, Intervenor, v.
John S. Morgan, Sheriff, Appellant.

**Sheriff and Deputy: NOTICE OF OWNERSHIP.** Acts Twentieth General
Assembly, chapter 198, provides that the sheriff of Pottawatta-
mie county shall keep an office at Avoca, and perform all the
duties of sheriff either by himself or by deputy. *Held,* that
the service of a notice of plaintiff's ownership of goods taken
on execution against plaintiff's husband, on the deputy sheriff
in charge of the Avoca office, was sufficient.

*Appeal from Pottawattamie District Court.*— Hon. W. R.
Green, Judge.

Saturday, May 18, 1901.

Action to recover the possession or value of certain
hogs and horses taken by defendant sheriff on execution is-
sued upon a judgment against plaintiff's husband. The inter-
venor joins plaintiff in making claim against defendant,
resting her right upon a landlord's lien under a lease of a
farm to plaintiff upon which said stock was kept and used.
The court directed the jury to find in favor of plaintiff
and intervenor, and submitted only the question of the value
of the property.    The jury found such value to be $328.
Judgment was rendered for this amount, and defendant ap-
peals.—*Affirmed.*

*A. B. Johns* and *Turner & Cullison* for appellant.

*Fremont Benjamin* and *A. L. Preston* for plaintiff.

*Roscoe Barton* for intervenor.

Waterman, J.—The principal question submitted is
one of fact.   Did the property in issue belong to plaintiff
or to her husband ?   We deem it sufficient to say the trial
court was fully justified in directing the jury to find in
plaintiff's favor on this issue.

II. Complaint is made of the admission in evidence of the notice of ownership given by plaintiff on the ground that it does not appear to have been served as required by law. No exception seems to have been taken at its introduction, and it is questionable if such action of the court is properly assigned as error. We may say, however, the claim of appellant is that the notice was served on a deputy sheriff, who had no connection with the levy. Pottawattamie county has a district court at Avoca, with exclusive jurisdiction throughout a distinct portion of the county. Acts Twentieth General Assembly, chapter 198; Acts Twenty-first General Assembly, chapter 134. The first of these acts provides that the sheriff shall keep an office at Avoca, and perform all the duties of sheriff of the circuit (district) court either by himself or deputy. The testimony shows that one Long was the deputy in charge of the Avoca office; that Daniel Coward, a special deputy, made the levy under Long's direction. The notice of ownership was served on Long. Under the statutes mentioned, we think it was intended that the person in charge of the Avoca office should stand for the sheriff, and be deemed a principal. Such notice served upon a principal is sufficient. *Headington v. Langland,* 65 Iowa, 276. This seems to have been the view of the law taken by all parties before this court was reached, for upon the service of notice of plaintiff's ownership an indemnifying bond was demanded of the execution creditor, and given by him. There is no just ground for interfering with the judgment, and it is AFFIRMED.