WOODMEN ACCIDENT COMPANY, Petitioner, v. DISTRICT COURT, MARSHALL COUNTY et al., Defendants.

MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION, Petitioner, v. DISTRICT COURT, MARSHALL COUNTY et al., Defendants.

No. 42865.

MAY 14, 1935.

Hatter & Harned, for petitioners.

F. E. Northup and H. Druker, for defendants.

KINTZINGER, J.—Two petitions based upon similar claims against the Woodmen Accident Company, and the Mutual Benefit Health & Accident Association were filed in the district court of Marshall county on November 5, 1934. The same questions being involved in both cases, they were combined and tried together. The only service of the original notices was by an acceptance of service by the "deputy" insurance commissioner. The defendants filed a special appearance in both actions questioning the jurisdiction of the court for lack of proper service. The lower court sustained the service and denied the special appearance; hence this action.

The only question raised here is whether or not an acceptance of service by the deputy insurance commissioner is sufficient to give the court jurisdiction. It is admitted that original notices in both actions were sent to the commissioner of insurance by registered mail on February 21, 1934. The record shows that the only return of service made thereon was by the deputy insurance commissioner, as follows:

"Return of Service.

"Service of the within notice is hereby accepted as is provided by law for the Woodmen Accident Company, defendant named in the within entitled cause, this 23d day of February, 1934.

"(Rubber stamp)  E. W. Clark,
"Commissioner of Insurance.
"By:  Leon M. Penquite, Deputy Comm."

The return is identical in both actions. The name of "E. W. Clark, Commissioner of Insurance" was placed thereon by a rubber stamp, and the return was signed by "Leon M. Penquite, Deputy Comm." The return of service in both actions was duly sent to, and received and filed by, the clerk of the district court on February 24, 1934. Copies thereof were duly sent to the defendants by registered mail.

Appellants contend that the acceptance of service by the deputy insurance commissioner does not constitute service upon the defendant companies. If such acceptance does not constitute service upon the defendants, then, of course, there was no notice upon them, and the court had no jurisdiction. It is the universally accepted rule of law that a judgment cannot be rendered against a defendant who has not been served with an original notice of the action; and that a judgment rendered against such a person is not only voidable, but absolutely void. This rule is so elementary that a citation of authorities is unnecessary. See, however, Simon v. Southern Railway Company, 236 U. S. 115, 35 S. Ct. 255, 59 L. Ed. 492; Blain v. Dean, 160 Iowa 708, 142 N. W. 418.

It is conceded that the defendants are nonresident insurance corporations. One method of obtaining service upon such corporations is that provided by sections 8952 and 8953 of the Code of 1931, and service in this action was attempted by that method. Section 8952 provides:

1328

"Any foreign company desiring to transact the business of insurance * * * in the state, shall file with the commissioner of insurance *a written instrument, duly signed and sealed, authorizing such commissioner to acknowledge service of notice* or process for and in behalf of such company in this state, *and consenting that service of notice or process may be made upon the said commissioner,* and when so made shall be taken and held * * * valid * * *." (Italics ours.)

Section 8953 provides that:

"Such notice or process with a copy thereof may be mailed to the commissioner of insurance at Des Moines, Iowa, in a registered letter addressed to him by his official title, *and he shall immediately upon its receipt acknowledge service thereon on behalf of the defendant foreign insurance company by writing thereon,* giving the date thereof, and shall immediately return such notice or process in a registered letter to the clerk of the court in which the suit is pending, * * * and shall also forthwith mail such copy, with a copy of his acknowledgment of service written thereon, in a registered letter" to the defendant named in the notice. (Italics ours.)

It is conceded that the original notice in this action was sent to the insurance commissioner at Des Moines by registered mail. It is also conceded that an acknowledgment of service by the deputy, as hereinabove set out, was returned to the clerk of the district court, and a copy thereof forwarded by registered mail to the defendants.

The question for consideration, therefore, is, was the acceptance of service made by the deputy insurance commissioner, as thus made, sufficient to give the court jurisdiction of the defendants? Appellants contend that the only person authorized to accept service for them, or upon whom service could be made, as their agent, was the insurance commissioner of Iowa, who was the particular person appointed by them as their agent for that purpose, under the written instrument required by section 8952. Appellants also contend that unless service is made upon the insurance commissioner himself, or unless he personally accepts service of the notice, the court has no jurisdiction.

An analysis of section 8952 clearly shows that the person authorized to accept service for the defendant company or the person upon whom notice of the action can be served is the *insurance commissioner* of the state. We assume from the argument that the

defendant insurance company filed the written instrument in the office of the insurance commissioner consenting that service of the original notice could be made upon him as provided by section 8952. By the filing of this instrument the insurance commissioner became their agent for the purpose of having service made upon him. Greaves & Co. v. Posner, 111 Iowa 651, 82 N. W. 1022; New Hampshire Fire Insurance Company v. Utterback, 184 Iowa 661, 169 N. W. 46.

Although the statutes require the appointment of such an agent by foreign insurance companies, the agency itself is created by the written instrument filed, authorizing the insurance commissioner to act as their agent in accepting service, or of having the original notices served upon him. Such agency, therefore, although given by statutory requirement, arises by virtue of the consent contained in the written instrument and not by the statute itself. In Greaves & Co. v. Posner, supra, loc. cit. 653, we said:

"It will be observed that by this written agreement power is conferred on the auditor to acknowledge service, and not independent of it. Without such consent he might not act in behalf of the association."

"The process is not served on the officer by virtue of his office, nor does he derive his authority to bind the corporation from his office or from the laws of the state. His entire authority comes from the commission executed by the corporation, and the donee of the power in that instrument is the officer and his successors in office." 21 R. C. L. 1360, section 110; Bennett v. Supreme Tent of the Knights of Maccabees, 40 Wash. 431, 82 P. 744, 2 L. R. A. (N. S.) 389.

The insurance commissioner under the written instrument required by the statute becomes the agent of the insurance company by virtue of the commission received by him from the company. The notice is not served on the commissioner by virtue of his office, nor does he derive his authority to bind the corporation from his office or from the laws of this state, but rather from the consent of the insurance company making him its agent.

Because the insurance commissioner is the designated officer appointed by the foreign insurance company for the purpose of accepting service of notice or having notice served upon him, it has been held by many courts that, under a statute authorizing service

upon a foreign corporation by serving notice upon a certain state officer, such service cannot be made on the officer's deputy. 21 R. C. L. 1360, section 110; Lonkey v. Keyes Silver Mining Company, 21 Nev. 312, 31 P. 57, 17 L. R. A. 351; Bennett v. Supreme Tent, K. of M., 40 Wash. 431, 82 P. 744, 2 L. R. A. (N. S.) 389; Old Wayne Mutual Life Ins. Association v. Flynn (Ind. App.) 66 N. E. 57; Amy v. Watertown, 130 U. S. 301, 317, 9 S. Ct. 530, 32 L. Ed. 951; Watertown v. Robinson, 69 Wis. 230, 233, 34 N. W. 139, 140; Chambers v. King Wrought-Iron Bridge Manufactory, 16 Kan. 270, 276; 47 L. Ed. 990, note; the reasons being set out in Lonkey v. Keyes Silver Mining Company, supra, where the court said:

"The law in relation to the service of process on foreign corporations must receive a strict construction, and the service must be made upon the officer or person mentioned in the act of the legislature. The cases are numerous which hold that, where a particular method of serving process is pointed out by the statute, that method must be followed. * * * Was the service upon ' * * * [the] deputy secretary of state * * * ' a compliance with the act of 1889? The service upon the deputy was certainly not sufficient, unless we can disregard the plain reading of the statute, which says: ' * * * it shall be lawful to serve such company with any and all legal process by delivering a copy to the secretary of state.' * * * It merely, for the time being, makes that particular individual occupying the office of secretary of state the agent of the corporation for the particular purpose of receiving service of all processes issued against the foreign corporation, where it has failed to appoint an agent as required by the act. Section 1799 defines the duties of the deputy secretary of state during the absence of the secretary of state to be of a 'ministerial nature, belonging to the office.' In the case of Watertown v. Robinson, 69 Wis. [230] 233, 34 N. W. 139, the supreme court of that state said: 'When the statute prescribes a particular mode of service, that mode must be followed. Ita lex scripta est. There is no chance to speculate whether some other mode will not answer as well. This has been too often held by courts to require further citations. When the statute designates a particular officer to whom the process may be delivered, and with whom it may be left, as service upon the corporation, no other officer or person can be substituted in his place. The designation of one particular officer upon whom service may be made excludes all others." Other cases hereinabove cited are of similar import.

Appellee claims, however, that where a deputy is clothed with authority to perform the duties of his principal that he may accept service of an original notice for him. Support for this contention is found in Headington v. Langland, 65 Iowa 276, 21 N. W. 650; Sanxey, Trustee, v. Iowa City Glass Company and Sawyer, Intervener, 68 Iowa 542, 27 N. W. 747; Peterman v. Jones, Sheriff, 94 Iowa 591, 595, 63 N. W. 338; Cullison v. Lindsay, 108 Iowa. 124, 78 N. W. 847.

While the cases just cited may relate to deputies of state and county officers who are by statute given the power to perform *all* the duties of their principal in his absence, it is suggested that no such powers have been conferred upon the deputy insurance commissioner. Although such broad powers may not have been specifically conferred upon the deputy, he is given certain powers under section 8608 of the Code relating to his appointment. Under this section "the commissioner of insurance *shall appoint a first and second deputy commissioner* and such other clerks and assistants as shall be needed *to assist him in the performance of his duty,* * * * (And) before entering upon the duties of their respective offices, deputy commissioners shall give a bond in the penal sum of ten thousand dollars."

Under this statute the deputy insurance commissioner is required to assist his principal in the performance of his duties. A deputy of an officer is defined to be "one appointed as the substitute of another and empowered to act for him, in his name or on his behalf." Webster's New International Dictionary. A deputy has also been defined as: "One appointed as the substitute of another, and empowered to act for him in his name or on his behalf; one who is appointed, designated, or deputed to act for another; one who by appointment exercises an office in another's right. * * * The position of a 'deputy', as the word implies, is that of a subordinate. A deputy has power to do every act which his principal might do, but a deputy may not make a deputy." 18 C. J. 784. Under these definitions, and under the authority conferred upon the deputy by section 8608, it would seem that he has a right to act for and on behalf of the insurance commissioner in the performance of his duties. Section 8953 provides that a notice of an action against a foreign insurance company "with a copy thereof may be mailed to the commissioner of insurance at Des Moines, Iowa, in a registered letter addressed to him by his official title." Such a notice was duly

mailed as provided. After the receipt thereof, it became the duty of the insurance commissioner (1) to immediately acknowledge service thereon for the defendant company; (2) make his return to the clerk; and (3) send a copy thereof to the defendant. These duties are provided for in section 8953 as follows:

"*He shall immediately upon its receipt acknowledge service thereon on behalf of the defendant foreign insurance company* * * * *and* * * * *immediately return such notice* * * * *in a registered letter to the clerk of the court in which the suit is pending,* * * * *and shall also forthwith mail such copy, with a copy, of his acknowledgment of service written thereon, in a registered letter*" to the defendant named in the notice. (Italics ours.)

As the performance of all of the foregoing duties are required of the insurance commissioner under the statute referred to, and as section 8608 requires the deputy to assist his principal in the performance of his duties, it naturally follows that such deputy, from the authority inhering in him as a deputy, and by that conferred upon him by statute, is, as such deputy, authorized to perform such duties for his principal.

We have heretofore held that under a statute requiring a notice of appeal to be served upon the clerk of the district court, an acceptance of service thereof may be made by his deputy on his behalf. Such a rule is supported by Sanxey, Trustee, v. Iowa City Glass Company & Sawyer, Intervener, 68 Iowa 542, 27 N. W. 747; Headington v. Langland, 65 Iowa 276, 21 N. W. 650; Peterman v. Jones, Sheriff, 94 Iowa 591, 595, 63 N. W. 338; Cullison v. Lindsay, 108 Iowa 124, 78 N. W. 847.

In Sanxey v. Iowa City Glass Company, supra, loc. cit. 545, the court said:

"It is provided by section 767 that, 'in the absence or disability of the principal, the deputy shall perform the duty of his principal pertaining to his own office.' Under this provision the deputy may, under the circumstances prescribed, perform any of the duties pertaining to the office. During the absence or disability of the principal, he stands in the place of the principal, and any official duty performed by him is regarded as having been performed by the principal. It must often happen that, owing to the absence or disability of the clerk, it would be impracticable to serve the notice on him personally within the time allowed by the statute for taking

the appeal, and, if the service may not be made on the deputy, it would follow in such cases that the right of appeal would be defeated by circumstances over which the party could have no control. The right is conferred by statute, and is regarded as an important and valuable right, and we cannot think that it was the intention of the legislature, when it created the provision making the service of the notice on the clerk an essential step in perfecting the appeal, that it should be defeated by his absence or disability to perform the duties of his office, and we prefer to accept a construction of the statute which will secure the right, rather than the one which, in many cases, would defeat it.

"Having regard, then, to the spirit, rather than the strict letter, of the law, we hold that the notice of appeal may properly be served upon the deputy during the absence or disability of the clerk."

So in this case it was the duty of the deputy insurance commissioner to assist his principal in the performance of his duties, some of which are to *immediately, upon receipt of the notice, acknowledge service thereon for the defendant, also to immediately return such notice in a registered letter to the clerk of the court in which the suit is pending, and also immediately mail a copy of such notice and return to the defendant.* All of these duties required by the statute, except the actual signing of the return by the commissioner, were performed. The acknowledgment of service thereon was made in the name of the insurance commissioner by his deputy. It is our conclusion that the rubber-stamped signature of the insurance commissioner, authenticated and signed by his deputy, is a sufficient compliance with the terms of our statute to confer jurisdiction. As the deputy insurance commissioner was appointed for the purpose of assisting his principal in the performance of his duties, and as such duties with respect to this action were performed by the deputy, we are constrained to hold that the acknowledgment of service in this case was an acknowledgment of service by the insurance commissioner, and gave the court jurisdiction.

For the reasons hereinabove given, it is our conclusion that the action of the lower court in dismissing the special appearance was correct, and the writ is therefore hereby annulled.—Writ annulled.

ANDERSON, C. J., and DONEGAN, MITCHELL, PARSONS, HAMILTON, RICHARDS, and POWERS, JJ., concur.